UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISMAEL RODRIGUEZ DIAZ, AMAURY )   Case No.:
GONZALEZ, YANARIS PENA, LIENG UN )
REY, OSMAR RODRIGUEZ, JOSE E. )
MORA YERA, CARLOS ZELAYA, PEDRO )
PABLO GALINDO GUTIEREZ, PEDRO )
LANTIGUA GOMEZ, JOSE LUIS )
CABALLERO and all others similarly situated )
under 29 U.S.C. 216(B), )
                                            )
                      Plaintiffs, )
           vs. )
                                            )
AMERICAN SALES AND MANAGEMENT )
ORGANIZATION, LLC a Florida limited )
liability company, EULEN AMERICA, INC., )
and LIVAN ACOSTA )
                                            )
                      Defendants. )
_____ )

### COMPLAINT UNDER 29 U.S.C. §215(a)(3) RETALIATION AND OPT-IN 29 U.S.C. §216(B)

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1.  This is an action arising under the Fair Labor Standards Act 29 U.S.C. § 215(a)(3).

2.  The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3.  The Defendant American Sales and Management organization, LLC. is a business that regularly transacts business within Dade County.

4.  The Defendant Eulen America, Inc. is a business that regularly transacts business within Dade County.

5.  Upon information and belief, the Defendant Corporations were Plaintiffs' FLSA employers for the relevant time period.

6.  The individual Defendants Livan Acosta is an officer, owner and manager of the Defendant

Corporations, and who ran the day-to-day operations of the Corporate Defendants during Plaintiffs' employment with Defendants, and was responsible for paying Plaintiffs' wages, controlling Plaintiffs' hours and work during Plaintiffs' employment with Defendants.

7. Defendants, American Sales and Management Organization, LLC and Eulen America, Inc. are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the two Companies, performed through unified operation and/or common control, are done for a common business purpose as the two companies shared employees, clients, equipment and finances.

8. Upon information and belief, Defendants, American Sales and Management Organization, LLC and Eulen America, Inc. were each Plaintiff's joint employer during Plaintiffs' employment with the Defendant Companies as the work performed by Plaintiffs simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiffs' hours, determining Plaintiffs' pay and which were operated by the same company, general manager, officers for a common business purpose.

9. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I.
### 29 U.S.C. §215(a)(3) RETALIATION

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. This case is brought as a collective action under 29 USC 216(B). It is believed that the

Defendants retaliated against approximately an additional twenty other employees in violation of 29 U.S.C. §215(a)(3) for demanding to be paid their legally mandated wages. Included in those that may be similarly situated to the named Plaintiffs are;  (1) Fernando Aguila, (2) Tania M. Barrios Arcis, (3) Damari Calero, (4) Hector Carrasco, (5) Alfredo Diaz Jr., (6) Hector Dominguez, (7) Noel R. Espinosa, (8) Reinaldo Molina Hernandez, (9) Harry Lierno, (10) Raul Rodriguez Llanes, (11) William Lopez, (12) Reimundo Mascareno, (13) Enrique Medel, (14) Eduardo Morales, (15) Gabriel E. Olmedo, (16) Yadira Lopez Ortega, (17) Antonio Padilla, (18) Ubaldo Palmero, (19) Mildrey Perez Alvarez, (20) Jose Raudales, (21) Ileana D. Rizo, (22) Freddy Rodriguez, (23) Ryan Rodriguez, (24) Katia Jorge Rogue, (25) Henry Sepulveda, and (26) Yoan Trujillo Triana.

13. Plaintiff Ismael Rodriguez Diaz was employed by Defendants between the approximate dates of October 27, 2012 through September 1, 2014 when his employment with Defendants was terminated.

14. Plaintiff Amaury Gonzalez was employed by Defendants between the approximate dates of January 21, 2013 through September 1, 2014 when his employment with Defendants was terminated.

15. Plaintiff Yanaris Pena was employed by Defendants between the approximate dates of October 18, 2012 through September 4, 2014 when his employment with Defendants was terminated.

16. Plaintiff Lieng Un Rey was employed by Defendants between the approximate dates of November 1, 2012 through September 4, 2014 when his employment with Defendants was terminated.

17. Plaintiff Osmar Rodriguez was employed by Defendants between the approximate dates of

December 12, 2012 through August 4, 2014 when his employment with Defendants was terminated.

18. Plaintiff Jose E. Mora Yera was employed by Defendants between the approximate dates of January 19, 2009 through September 10, 2014, 2014 when his employment with Defendants was terminated.

19. Plaintiff Carlos Zelaya was employed by Defendants between the approximate dates of October 18, 2012 through September 4, 2014 when his employment with Defendants was terminated.

20. Plaintiff Pedro Pablo Galindo Gutierez was employed by Defendants between the approximate dates of October 27, 2012 through June 11, 2014 when his employment with Defendants was terminated.

21. Plaintiff Pedro Lantigua Gomez was employed by Defendants between the approximate dates of October 27, 2012 through June 11, 2014 when his employment with Defendants was terminated.

22. Plaintiff Jose Luis Caballero was employed by Defendants between the approximate dates of December 10, 2012 through July 28, 2014 when his employment with Defendants was terminated.

23. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and equipment that they used on a constant and continual basis which were supplied to them by the Defendants to use on the job moved through interstate commerce prior to each Plaintiff's use of the same. The

Plaintiffs' work for the Defendants was actually in and so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

24. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Defendant's business affected interstate commerce for the relevant time period. The work performed by two or more of Defendants employees on a regular and consistent basis affected interstate commerce for the relevant time period because the materials and equipment that they used on a constant and continual basis which were supplied to them by the Defendants to use on the job moved through interstate commerce prior to said employees use of the same. Defendants' employees work for the Defendants was actually in and so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies as Defendants business is an enterprise covered under the Fair Labor Standards Act.

25. Upon information and belief, each Defendant Corporation grossed over $500,000 for the annually for the years, 2012, 2013 and 2014.

26. Previously, Defendants were sued under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 for the non-payment of overtime wages in the United States District Court for the Southern District of Florida, case number 13-23053.

27. On May 21, 2014, immediately after the parties settled case number 13-23053, Plaintiffs' Counsel advised Defendants' Counsel that Plaintiffs' Counsel represented approximately 30 additional "current" employees for overtime wage violations. [Exhibit A].

28. On May 23, 2014, Plaintiffs' Counsel provided the names of the additional 36 then "current" employees that Plaintiffs' Counsel represented in the forthcoming overtime case. [Exhibit B].

29. Shortly thereafter, Defendants requested that each of the 36 represented employees sign an arbitration agreement. [Exhibit C].

30. Said arbitration agreement required the employees to arbitrate all current, present and future claims, including the overtime claims subject of the May 21, 2014 and May 23, 2014 letters referenced above.

31. Said arbitration agreement did not contain a carve out provision allowing Plaintiffs to pursue their current claims for unpaid overtime wages in Court.

32. Pursuant to the arbitration agreement, if signed, Plaintiffs would have been required to arbitrate their existing overtime claims.

33. Plaintiffs refused to sign the arbitration agreement.

34. Immediately after Plaintiffs' refusal to sign the arbitration agreement, Defendants began retaliating against Plaintiffs by issuing written reprimands as a pretext to Plaintiffs' terminations.

35. Shortly thereafter, Plaintiffs Pedro Pablo Galindo Gutierez, Pedro Lantigua Gomez and Jose Caballero were terminated.

36. Thereafter, towards the end of the month of August 2014, Defendants posted a sign with a list of the named employees that had refused to sign the arbitration agreements. [Exhibit D].

37. Thereafter, managers for Defendants met with each Plaintiff. During said meetings, Defendants' managers once again requested that Plaintiffs sign said arbitration agreements. At each respective meeting, Plaintiffs refused to sign said arbitration agreement and each Plaintiff was immediately terminated.

38. At the time of these meetings, a second overtime case under the Fair Labor Standards Act had been filed against Defendants for unpaid overtime wages. Said case was filed on June 24,

2014 in the United States District Court for the Southern District of Florida (Case Number

14-22349) whereby two named Plaintiffs purportedly represented the putative class.

39. The motivating factor in Defendants' termination of the each Plaintiff's employment with

Defendants, was because Plaintiffs refused to sign the arbitration agreement that would have

required them to forego a jury trial and require Plaintiffs to arbitrate their "existing claim" for

unpaid overtime wages in which they were represented by Counsel.

40. The firing of the Plaintiffs as discussed above is in direct violation of 29 U.S.C. 215 (A)(3)

because the motivating factor for the firing was Plaintiffs' demand for their legally mandated

wages in conjunction with their refusal to sign an arbitration agreement for their existing

FLSA overtime claim. As a result, Plaintiffs have been damaged.

Wherefore, Plaintiffs request Judgment against the Defendants, jointly and severally,

attorney's fees, costs, back wages and double or liquidated back wages from the date of firing

until and including of trial, promotion and injunctive relief prohibiting the Defendants from

discriminating in the manner described above, emotional distress and humiliation and pain and

suffering, front wages until Plaintiffs' intended dates of retirement and all other damages

recoverable by law 29 U.S.C. 216(b). Plaintiffs request a trial by Jury.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: Zabogado@aol.com

By:__/s/ J.H. Zidell_____
   J.H. Zidell, Esq.
   Florida Bar Number: 0010121
