UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24245-CIV-SCOLA/OTAZO-REYES

ISMAEL RODRIGUEZ DIAZ, AMAURY )
GONZALEZ, YANARIS PENA, LIENG UN )
REY, OSMAR RODRIGUEZ, JOSE E. )
MORA YERA, CARLOS ZELAYA, PEDRO )
PABLO GALINDO GUTIEREZ, PEDRO )
LANTIGUA GOMEZ, JOSE LUIS )
CABALLERO, FERNANDO AGUILA, JOSE )
ALBERTO RAUDALES and all others )
similarly situated under 29 U.S.C. 216(B), )
)
)
)
     Plaintiffs, )
)
vs. )
)
)
)
AMERICAN SALES AND MANAGEMENT )
ORGANIZATION, LLC a Florida limited )
liability company, EULEN AMERICA, INC., )
and LIVAN ACOSTA )
)
     Defendants. )
_____ )

**PLAINTIFFS' MOTION FOR AN ORDER COMPELLING GREGG SHAVITZ AND
CAMAR JONES TO COMPLY WITH SUBPOENA DUCES TECUM**

Plaintiffs, Ismael Rodriguez Diaz, Amaury Gonzalez, Yanaris Pena, Lieng Un Rey, Osmar Rodriguez, Jose E. Mora Yera, Pablo Galindo Guteirrez, Pedro Lantigua Gomes, Jose Luis Caballero, Fernando Aguila, and Jose Alberto Raudales (collectively, the "Plaintiffs")

1 | P a g e

respectfully moves this Court, pursuant to Federal Rules of Civil procedure 37(a) and 45(c)(2)(B)(i), for an order compelling Gregg I. Shavitz and Camar R. Jones ("Shavitz") to comply with a lawfully issued non-party subpoenas ("Subpoenas")[1] and in support thereof, states as follows:

I.      **Background**

Plaintiffs filed this action under the Fair Labor Standards Act (the "FLSA") regarding allegations of retaliatory termination by Defendants after Plaintiffs engaged in protected activity. The information sought by the subpoena concerns information and documentation germane to plaintiffs' claim. As of May, 2014, Plaintiffs in the instant case, were all clients of the Shavitz Law Group.

Plaintiffs in this case, as well as other employees not involved in this matter, filed a complaint through the Shavitz Law Group against the Defendants under the FLSA for unpaid wages. As part of that lawsuit, it is believed that Plaintiffs' attorneys in that claim sent a list of the Plaintiffs to the Defendants' attorneys on May 23, 2014. That list included the names of the both law clients, including Plaintiffs, among others. Subsequent to this event, Defendants presented an Arbitration Agreement to their employees, including Plaintiffs in this case, for signature. Plaintiffs are in need of the responses from Defendants and names of persons with Defendants involved. Plaintiffs have alleged in its complaint that Defendants engaged in unlawful retaliation in reaction to the Plaintiffs' protected activity.

---

[1] A copy of the subpoena is attached hereto as Exhibit A.

The Subpoenas were issued in connection with the existing lawsuit, to discover information which could lead to the discovery of other information and it is believed that the Shavitz Law Group has discoverable information.

## II.     Facts Surrounding the Subpoenas

On April 6, 2015 plaintiffs served a subpoena duces tecum upon two non-party deponents named Gregg Shavitz and Camar Jones[2] of the Shavitz Law Group, P.A.  As of May 2014, both were counsel to Plaintiffs in another matter.

On April 14 which is over a week later and on the evening of the deposition, the non party deponents sent an email indicating that they were not available for the deposition, however, they provided their availability for another time and in a location other than Miami Beach. Counsel for plaintiff in response indicated that the deposition was going forward the next day. Immediately after the discussion, the non-parties filed their objections[3] to Plaintiffs' subpoena duces tecum.

On the day of the deposition, April 15, 2015, the non-party deponents failed to appear.  A certificate of non appearance has been issued.[4]

On April 21, plaintiffs requested dates for the non party deponents to appear at said deposition in Miami Beach.   In the alternative, plaintiffs extended an alternative to having the non-party deponents appear in Miami Beach.   In lieu of their deposition, plaintiffs requested declarations from Shavitz, as not to inconvenience the deponents any further.

---

[2] Exhibit B.
[3] A copy of the objections are attached hereto as Exhibit C.
[4] A copy of the Certificate of Non Apperance attached as Exhibit D.

On April 24, 2015, the non-party deponents, in an attempt to narrow the subpoena, were only willing to produce correspondence between Shavitz and Plaintiffs along with a redacted settlement agreement in case number.   It should be noted though Shavitz was kind enough  to provide those documents right before any deposition conditioned upon the deposition going forward in Boca Raton.

It appears both Camar Jones and Gregg Shavitz have refused to cooperate with being deposed.  Surely they would only agree to any deposition on the condition that it would occur in Boca Raton with objections to most of the documents requested.

The undersigned counsel has not released any of the non-party deponents from the deposition.   It has always been Plaintiffs intention to have the deposition occur in Miami Beach, as opposed to Boca Raton and to secure those documents as served in the subpoena duces tecum.  At issue are documents related to Plaintffs claims.

### III.    The Court Should Compel Compliance with the Subpoenas

Shavitz's position of not be responding to the Subpoenas is improper.  Neither of the reasons asserted in their objections: (1)    the requests are overbroad; (2) the requests seeks confidential settlement communications, and; (3) the requests are protected by the work product doctrine is a sufficiently adequate excuse for Shavitz's  refusal to comply with the Subpoena.

Analysis of this dispute begins with the recognition "[t]he scope of discovery under Rule 26(b) is broad: '[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682,

Case 1:14-cv-24245-RNS   Document 36   Entered on FLSD Docket 04/30/2015   Page 5 of 11

685 (S.D. Fla. 2010) (*quoting* Fed. R. Civ. P. 26(b)) (*citing Hickman v. Taylor*, 329 U.S. 495, 507-508, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 179). The courts have elaborated that:

> Information is relevant if it is germane, conceivably helpful to plaintiff, ore reasonably calculate to lead to admissible evidence." Thus, as explained by the *Oppenheimer Fund* Court, relevant discovery under Rule 26 is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence.

*Donahay v. Palm Beach Tours & Transporation, Inc.* 242 F.R.D. 685, 687 (S.D. Fla. 2007). Moreover, the Federal Rules expressly permit non party subpoena practice, such as was done here. Fed. R. Civ. P. 45.

    a.    <u>The Attorney Client Privilege Objection</u>

Any privilege in this case belongs to the named Plaintiffs. Under Florida law, the privilege belongs to all clients, not the attorney, and therefore, the attorney has no power to waive or assert the privilege (meaning that the client can assert or waive the privilege regardless of the lawyer's desires). §90.502, Fla. Stat. (2014) *Smith v. Armour Pharm. Co.,* 838 F. Supp. 1573, 176 (S.D. Fla. 1993).; *United States v. Under Seal (In re Grand Jury Proceedings)*, 3 F.3d 342, 348 (4th Cir. 1994). *Buell v. Super Ct. of Maricopa County*, 96 Ariz. 62, 68, 391 P.2d 919, 923-24 (1964). The attorney-client privilege generally does not belong to the lawyer; it belongs to the client. Here, the same plaintiffs and mutual clients are requesting information about the other claim which is relevant and germane to this instant cause.

5 | P a g e

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In Grand Jury Proceedings 88-89,* 89 F.2d 1039, 1042 (11th Cir. 1990) (internal quotation marks omitted). Application of the attorney-client privilege obstructs the truth-seeking process and it must be narrowly construed. "[T]estimonial exclusionary rules and privileges contravene the fundamental principle that the public . . . has a right to every man's evidence,' and therefore must be "strictly construed". *Univ. of Pa. v. EEOC,* 493 U.S. 182, 189, 110 S. Ct. 577, 107 L.Ed. 2d 571 (1990) (internal quotations and citations omitted).

The burden on demonstrating that a privilege applies to a particular communication (.e. that the confidentiality of that communication is more important than the public interest in transparency), is on the proponent of the privilege. *United States v. Norieg,* 917 F.2d 1543, 1550 (11th Cir. 1990)(denying request to stay enforcement of court order forbidding publication of a conversation between client and counsel);. The proponent must establish the existence of the privilege by a preponderance of the evidence *Daubert v. Merrell Dow Pharms*. 509 U.S. 579, 13 S. FCt. 2786, 125 L. Ed. 2d 469 (1993) (matters preliminary questions, identified in Fed. R. Evid. 104(a), are not established by a "preponderance of proof", *citing Bourjaily v. United States*, 483 U.S. 171, 175-76. 107 S.Ct. 2774, 97 L. Ed. 2d 144 (1987)).

Attorney-client privilege can also be waived when there is a voluntary disclosure, *XL Speciality Ins. Co. v. Aircraft Holdings, LLC,* 929 So.2d 578, 585 -86 (Fla 1st DCA 2006). For example, waiver can be found by voluntary disclosure, Fla. State §90.507, as disclosure is inconsistent with the confidentiality.

"To determine if a particular communication is confidential and protected by the attorney-client privilege, the privilege holder must prove was (1) intended to remain confidential and (2) under the circumstances was *reasonably* expected and understood to be confidential." *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (quoting *United States v. Bell*, 776 F.2d 965, 971(11th Cir. 1985).

The Shavitz Law Group should produce all communications in their file.

b.      The Work Product Privilege Doctrine

The non-party deponents object to the subpoena based upon work product. The documents in dispute are not subject to the Work-Product Doctrine.   As stated in *U.S. v. Davis,* 636 F.2d 1028, 1040 (11th Cir. 1981).

> It is admittedly difficult to reduce to a neat general formula the relationship. Between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine.  We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.

*Id.* (emphasis added). ( internal citations omitted); *Bonner v. City of Prichard*, Ala. 661 F.2d 1206, 1209 (11th Cir. 1981).   The work-product privilege is designed to promote the adversary system by protecting an attorney's trial preparations from *an opposing party*.  *See Visual Scene v, Inc. v. Pilkington Bros.*, 508 So.2d 437, 440 (Fla. 3d DCA 1987).  (internal citations omitted) Under this doctrine, "clients and their respective attorneys sharing common litigation interests may exchange information freely among themselves without fear that by their exchange they will

forefeit the protection of the work-product doctrine." *Id.*[5] *(discussing the joint defense doctrine)* (internal citations omitted).

Here, plaintiffs in both cases have brought lawsuits against the same defendants. In litigation between or amoung joint clients, under Florida Statutes §90.502(4)(e) the privilege doctrine no longer applies. *In re Indiatown Realty Partners, Ltd. Partnership*, 270 B.R. 532 (Bankr. S.D. Florida 2001).

WHEREFORE, the Plaintiffs respectfully requests that this Court issue an order compelling Camar Jones and Gregg Shavitz to be deposed no later than May 10, 2015 with production of all documents, and for such other relief as it deems proper.

## LOCAL RULE 7.1 CERTIFICATION

In accordance with Local Rule 7.1(a)(3), the undersigned certifies that reasonable efforts to confer with the non-party deponents Camar Jones, Esquire and Gregg Shavitz. After an exchange of emails and extending alternatives to the depositions with the non-party deponents,

---

[5] Communications may not always protect attorney notes. *U.S. Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F.Supp. 156 (E.D. N.Y. 1994) (counsel's handwritten notes containing factual information from individuals who may not be clients are not privileged).

the undersigned essentially informed the non-party deponents that a motion to compel will be filed if they would not agree to be produce the records and their persons in Miami Beach to wit they have disagreed.  On April 29, 2015, Counsel for Plaintiffs left a voice message with Camar Jones, about the filing of the instant motion.  Counsel for the defendants does not agree that this motion should be filed.

    Fact discovery deadline is May 24, 2015.

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

**CERTFICATE OF SERVICE**

   I hereby certify that on April 29, 2015, I electronically filed the foregoing Plaintiffs Motion to Compel Non Party Depositions with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                __/s/Steven C. Fraser__
                Steven C. Fraser, Esq.
                Fla. Bar No. 625825
                J.H. Zidell, P.A.
                Attorney for Plaintiff
                300 71st Street #605
                Miami Beach, Florida 33141
                Tel: (305) 865-6766
                Fax: (305) 865 – 7167
                Email: steven.fraser.esq@gmail.com

**SERVICE LIST**

<u>Via email and U.S. Mail</u>.
Gregg I. Shavtiz
Non Party Deponent
The Shavitz Law Group, P.A.
1515 Suoth Federal Hwy, Suite 404
Boca Raton, Florida 33432
(561)-447-8888
(561)447-8831
gshavitz@shavitzlaw.com


<u>Via Email and U.S. Mail</u>
Camar Ricardo Jones
Non Party Deponent
The Shavitz Law Group, P.A.
1515 Suoth Federal Hwy, Suite 404
Boca Raton, Florida 33432
(561)-447-8888
(561)447-8831
cjones@shavitzlaw.com


<u>Via cm/ECF</u>
Nicole Wall
Cole Scott & Kissane
Attorneys for Defendants
1645 Palm Beach Lakes Blvd, 2nd Floor
West Palm Beach, FL 33401
Tel: (561) 383-9236
Fax: (561)683-8977
Nicole.Wall@csklegal.com