**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-24245-CV-SCOLA/OTAZO-REYES**

ISMAEL RODRIGUEZ DIAZ, *et al.*,

       Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, *et al.,*

       Defendants.

_____

**MOTION TO COMPEL DISCOVERY AND MOTION TO STRIKE DEFENSES**

Come Now, Plaintiffs, by and through undersigned counsel, Plaintiffs request an entry of an order granting this Plaintiff's Motion to Compel Discovery and Motion to Strike Defenses ("the Motion"), and as grounds states:

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     Introduction

Plaintiffs have been stymied by Defendants' objections and refusal to provide discovery regarding a central issue to this case – the justification for forcing employees to sign an arbitration agreement or be fired when those employees already have protected FLSA claims before the court. It was only after depositions of Defendants' witnesses and Defendants' failure to provide *any* documents which were particularly mentioned in depositions did Plaintiffs recognize how much Defendants had been shielding in discovery. Plaintiffs move for these documents to be produced, for monetary sanctions, and further, for the extraordinary relief of striking Defendants affirmative defenses, which are specifically related to the documents Defendants refused to produce.

## II.     Background

On November 14, 2014, Plaintiffs brought their Amended Complaint [DE 4] against Defendants American Sales and Management Organization, LLC, Eulen America, Inc., and Livan Acosta ("Defendants"). Plaintiffs allege that Defendants retaliated against Plaintiffs for pursuing their rights under the FLSA, by firing Plaintiffs after they refused to sign an arbitration agreement. This arbitration agreement required that all disputes, both past, contemporary, and future, shall be resolved via arbitration. Critically, Plaintiffs had previously brought suit against Defendants for unpaid overtime in Case No. 13-23053 ("Overtime Case") with this Court and the case was pending. If executed, the arbitration agreement at issue would have likely resulted in the already pending overtime claims in the Overtime Case to be dismissed in favor of arbitration. *See* Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1330 (11th Cir.) cert. denied, 134 S. Ct. 2886 (2014).

For nine out of twelve Plaintiffs, it is not contested that they were fired for the sole reason that they refused to sign the arbitration agreement. Defendants only challenge the cause of firing of Pedro Galindo, Pedro Lantigua, and Jose Caballero, who Defendants say were fired for cause.

Plaintiffs believe that, as a matter of law, a *prima facie* case for retaliation exists[1], because it is beyond reasonable dispute that Plaintiffs were engaged in the protected activity of enforcing their right to overtime in this Court, when they suffered termination as an adverse action for not executing an agreement that would directly affect the protected activity. Any remaining defense, however tenuous it would be, would necessarily have to address the

---

1 "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) [the plaintiffs] engaged in activity protected under [the] act; (2) [they] subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." Wolf v. Coca–Cola Co., 200 F.3d 1337 (11th Cir. 2000).

connection between the termination and the protected activity. Defendants' defense and argument is essentially: *the firing of the Plaintiffs was not done for retaliatory reasons*. These defenses are reproduced below:

> a. "Plaintiffs' claims are barred, as the acts or omissions complained of were done in good faith, and Defendants were acting in good faith in reliance on and conformity with the Portal to Portal Act, 29 U.S.C. S 255." (4).
>
> b. "Defendants did not willfully violate the Fair Labor Standards Act. The Defendants acted in good faith, reliance upon, and in conformity with, official written administrative recommendations, rulings, approvals administrative interpretations, practices and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division, and possessed a reasonable, good faith belief that any acts or omissions were not in violation of the Fair Labor Standard Act. Therefore, any relief requested by Plaintiffs is barred, in whole or in part." (5).
>
> c. "All actions taken by Defendants with regard to the Plaintiffs' employment were based on legitimate business considerations, and non-retaliatory reasons made in good faith." (12).
>
> d. "All acts taken by Defendants or anyone acting on their behalf were just, fair, with good cause, in good faith, without malice or intent to retaliate, and for lawful and legitimate non-retaliatory reasons." (13).
>
> e. "All acts taken by Defendants or anyone acting on their behalf were just, fair, with good cause, in good faith, without malice or intent to retaliate, and for lawful and legitimate, non-retaliatory reasons." (14).
>
> f. "Defendants have made good faith efforts to prevent retaliation in the workplace and cannot be liable for the decisions of their agents, or punitive damages, to the extent that the challenged employment decisions were contrary to their efforts to comply with anti-retaliation statutes." (15).
>
> g. "Plaintiffs cannot establish that the reasons proffered by Defendants for their employment actions pertaining to the Plaintiffs are pretextual." (16).

First, documents that support these defenses should have been produced with the Fed.R.Civ.P. Rule 26 disclosures.[2] Nevertheless, Plaintiffs have made requests for production

---

2  **(A)** *"Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:* **[…] (ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26.

requesting these documents on this critical defense.  Attached are Plaintiffs first, second, and third requests for production of documents, dated February 2, 2015  March 5, 2015, and April 21, 2015.  Following each of these responses are Defendants' responses, March 4, 2015, April 10, 2015 and, May 22, 2015.  In response to these requests Defendants have  provided little more than the Plaintiffs' personnel files, and *none* of the documents which are absolutely critical to this case. Defendants systematically have failed to provide documents or discovery in regard to the decision making process surrounding  the arbitration agreement.

This might be reasonable if no such documents existed, but depositions taken from late late May of this year have revealed that these documents in fact exist, that Defendants have knowledge of these documents, and that Defendants are choosing not to provide them in discovery under false pretenses.

### III.    Argument

#### a.    Plaintiffs Properly Requested the Subject Documents and Defendants Failed to Provide Responsive Documents

From Plaintiffs' First Request for Production of Documents, Plaintiffs requested what would be brought in trial in regard to Defendants' defenses (§4) and affirmative defenses (§5); all documents regarding the employees dismissal (§10); and communications regarding the affirmative defenses (§30).

From Plaintiffs Second Request for Production of Documents, Plaintiffs requested documents regarding the notification and communication between Plaintiffs' former counsel and Defendants (regarding knowledge of claims)(§1); documents regarding the termination of Mr. Gonzalez (§3); and documents which explain the cause of termination (§§7-8).

At this point in time, Plaintiffs began to recognize through depositions that there were many relevant documents which were unprovided, and drafted a Third Request  for Production

of Documents which specifies exactly the types of documents at issue and included references to particular documents which were spoken of in deposition.

Defendants refused to provide any documents. Instead, Defendants provided formulaic responses which were inappropriate, inapplicable, and otherwise intended to avoid responding to discovery without a lawful reason to do so. Defendants alleged that Plaintiffs' requests were too broad, yet, each were so narrowly tailored even to the point that specific relevant documents were referred to. Defendants also objected that no time frame was established, yet each request has a either a particular timetable or the default established above of: "October 10, 2012 through September 30, 2014." Defendants' further cite to the attorney client privilege regarding communications which was already ruled discoverable in Order [DE 47] dated May 13, 2015. Defendants do not provide a privilege log.[3]

### b.  Defendants Have the Subject Documents

The Deposition of Thaimy Diaz, dated Monday May 11, 2015 reveals that the following exists and is in the possession of Defendants unless spoliation occurred:

- Several drafts of the arbitration agreement and corresponding e-mails amongst Defendants' employees (p 8, 9, 11, 44);
- A list of people who refused to sign the arbitration agreement and corresponding e-mails (p 29);
- Relevant e-mails to and from Cindy Tunon regarding the Plaintiffs in this action (p 48);
- Various lists of Defendants' employees who had and had not signed the arbitration agreement (p 55, 56);
- Various administrative e-mails between employees regarding the requirements to sign an arbitration agreement (p 57);
- E-mails between Yasmin Kendrick, Livan Acosta, and Thaimy Diaz discussing those who did not sign the arbitration agreement and what to do with them (p 60-61);
- An e-mail from Cindy Tunon to Thaimy Diaz dated on or about September 3rd, 2014 saying "stop, don't continue with the meetings [firing the employees] until further notice" (p 61, 115);

---

3  In fairness, Defendants did repeatedly use the qualifier "not involving the arbitration agreement at issue in this case"; however, the questions only call for documents related to Plaintiffs and the arbitration agreement. The only way that the objection could have any meaning is if it applied to discovery covered in Order [47].

- An e-mail from Kirk Gomez describing the terminations of people and requiring hiss presence at termination meetings (p 68);
- E-mails from Kirt Gomez regarding the decision to terminate Pedro Galindo and Pedro Lantigua (p 73);
- E-mails from Thaimy Diaz describing who signed the arbitration agreements and general updates (p 89);
- Status updates from Livan Acosta regarding arbitration agreements (p 89);
- An e-mail from Thaimy Diaz describing who had not signed the arbitration agreement on or about June of 2014 (p 92); and
- An e-mail to Yasmin Kendrick regarding the discharge of Plaintiff Jose Caballero (p 102).

The Deposition of Livan Acosta dated April 2, 2015 reveals that the following documents exist:

- E-mails from Mark Buetler in which he suggested the implementation of the mandatory arbitration agreement (p 13);

This list represents the documents that Defendants' agents *admit* that they have. This list does not encompass documents that should exist, as well as completely unknown but responsive documents that Plaintiffs believe exist. Furthermore, Defendants have submitted for their own purposes heavily redacted e-mails, one of which has been attached to this Motion to Compel. This shows that these documents exist and Defendants merely refuse to produce them.

    c.    **The Documents are Relevant**

26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." "Information requested via discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence." Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007), *citing* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 345 (1978). While Fed.R.Civ.P. 26(b)(1) permits litigants to object, the "heavy burden" is on the party resisting discovery to show why the objection applies. Viking Yacht Co. v. Affiliated FM Ins. Co., No. 07-80341-CIV, 2008 WL 8715540, at *1 (S.D. Fla. Feb. 7, 2008), *citing* Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D.Fla.2000).

These e-mails and communications between agents of Defendants are incredibly important because they are documents which evidence the intent of Defendants in firing Plaintiffs – the central issue of this case.  Defendants cannot be permitted to horde and protect these discoverable documents which would immediately resolve this controversy,.

      **d.**      **Boiler Plate Objections are Inappropriate**

Defendants' did not properly object to Plaintiffs' requests.  Some of Defendants' objections are inapplicable, but the remainder are boilerplate.  Nonspecific and boilerplate objections to "broadness" and "burdensome" do not comply with Local Rule 26.1 G 3(a) which provides "[w]here an objection is made to any interrogatory or sub-part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds." "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." <u>Guzman v. Irmadan, Inc.</u>, 249 F.R.D. 399, 400 (S.D. Fla. 2008); <u>Sallah v. Worldwide Clearing LLC</u>, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); <u>Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.</u>, No. 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008); *see also* <u>Viking Yacht Co. v. Affiliated FM Ins. Co.</u>, No. 07-80341-CIV, 2008 WL 8715540, at *1 (S.D. Fla. Feb. 7, 2008).  Without such an explanation, the objections "do not comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons." <u>Sallah v. Worldwide Clearing LLC</u>, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012), *citing* <u>Pitts v. Francis</u>, 2008 WL 2229524, *2 (N.D.Fla. May 28, 2008).

Further, the generic objections regarding attorney client privilege and the work product doctrine are also inappropriate.

> Generalized objections asserting "confidentiality," attorney-client privilege or work product doctrine also do not comply with local rules. Local Rule 26.1 G 3(b) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others.

Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fla. 2008); Ameritrust Co., N.A. v. White, 1993 WL 819124, *3 (N.D.Ga. Oct. 20, 1993), ("[t]he mere conclusory assertion that material sought is covered by ... work product privilege is not sufficient to render such material undiscoverable."). The burden to show that something is covered by the work-product doctrine or the attorney client privilege is on the party withholding discovery. United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir.1991).

In this matter Defendants make repeated work-product and attorney-client privilege claims. No privilege log is described and no documents are specified. These objections are insufficient as a matter of law.

e. **The Sanction of Striking Defenses is Appropriate**

Depositions have revealed that Defendants are aware of the existence of relevant documents which they are purposefully avoiding providing in discovery. It should reasonably be presumed that Defendants are acting within bad faith because Defendants are refusing to attempt to produce any documents which were acknowledged to exist. It is necessary for the integrity of this judicial system that the strategy of purposefully ignoring damaging discovery requests in bad faith not be profitable. To not address this behavior in kind is to tacitly approve of it. Plaintiffs seek to compel disclosure, but additionally seek costs for bringing this Motion to Compel and to strike Defendants' affirmative defenses 4, 5, 12-16. While such a sanction is extraordinary, it is justified because 1) the failure to respond to discovery is tied to a court order determining the

inapplicability of attorney-client privilege arguments; and 2) it must be reasonably inferred under the context of the circumstances that Defendants are acting in bad faith.

Litigants can move under Fed.R.Civ.P. Rule 37(c) in order to compel discovery and seek sanctions. "Rule 37(c)(1) sanctions are broad and encompass not only the rectification of actual harm, but also allow for sanctions for a defendant's failure to maintain and preserve the sanctity of the court and to respect its rules." Action Marine, Inc. v. Cont'l Carbon, Inc., 243 F.R.D. 670, 679 (M.D. Ala. 2007). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir.1999).

The striking of a defense in regard to discovery violations is an available remedy and is not a violation of Due Process, as long as "specifically related to the particular 'claim' which was at issue in the order to provide discovery," Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1152 (11th Cir. 2006). Serra explains this principle as it was articulated by the Supreme Court:

> In Insurance Corp. of Ireland, the Supreme Court addressed whether the district court violated due process when the court overruled an objection to personal jurisdiction as a sanction for the failure by the defendants to provide documents regarding personal jurisdiction, as required by a discovery order. The Supreme Court upheld the sanction and explained that because of the failure of the defendants to provide discovery, the plaintiff was unable to determine the extent of contacts between the defendants and the forum state. The Court concluded that the sanction was "specifically related" to the discovery abuse, because the imposition of the sanction "took as established the facts ... that [the plaintiff] was seeking to establish through discovery."

Id., citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982)

Extraordinary remedies under Fed.R.Civ.P. Rule 37 are available when there is bad faith or repeated violations in discovery. Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913 (11th Cir. 2010), citing Griffin v. Aluminum Co. of Am., 564 F.2d 1171, 1172 (5th

Cir.1977) (noting that the former Fifth Circuit "has approved dismissal as a sanction imposed under Rule 37(d), [where] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply").

There are several aggravating factors which justify extraordinary sanctions. First, Defendants objections are made in bad faith. Second, the nature of these documents are regarding the very defenses that Plaintiffs seek to strike. Defendants should not be granted the shield of defenses on which they refuse to provide discovery.

It is not reasonably disputable that Defendants are hording discover which is relevant and was required to be disclosed in discovery. If Defendants are merely required to provide these critical documents, then Plaintiffs are still prejudiced, even if Defendants pay the attorneys' fees in bringing this motion. This is because Plaintiffs would not be given the opportunity to examine these witnesses and agents for Defendants about these documents that are central to the case. To do anything short of completely striking the defenses would be to facilitate the practice of strategically avoiding clear discovery obligations.

*Wherefore* Plaintiffs request that this Court order that the documents regarding the decision making process and the arbitration agreement be produced, fees and costs for this dispute, and the sanction of the striking of Defendants' affirmative defenses.

Respectfully submitted this 9th day of June, 2015.

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766

        By: /s/ Elizabeth O. Hueber
        Elizabeth O. Hueber
        Florida Bar No.: 0073061

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues.  Defendants' counsel contests the remedies sought.


By: /s/ Elizabeth Olivia Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 9th, 2015, on all counsel or parties of record on the Service List below.

                                                       __/s/Elizabeth O. Hueber__
                                                       Elizabeth O. Hueber, Esq.
                                                       Fla. Bar No. 0073061
                                                       J.H. Zidell, P.A.
                                                       Attorney for Plaintiff
                                                       300 71st Street #605
                                                       Miami Beach, Florida 33141
                                                       Tel: (305) 865-6766
                                                       Fax: (305) 865 – 7167

## SERVICE LIST

Nicole M. Wall
Cole, Scott, & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
561-383-9236
Fax: 561-683-8977
Email: Nicole.Wall@csklegal.com
*Attorney for Defendants:*
*American Sales and Management Organization, LLC,*
*Eulen America, Inc.,*
*Livan Acosta*