**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-24245-CV-SCOLA/OTAZO-REYES**

ISMAEL RODRIGUEZ DIAZ, *et al.*,        )
                                                                      )
            Plaintiffs,                                          )
    vs.                                                             )
                                                                      )
AMERICAN SALES AND MANAGEMENT    )
ORGANIZATION, LLC, *et al.,*                       )
                                                                      )
            Defendants.                                       )
_____

**PLAINTIFFS' THIRD REQUEST FOR PRODUCTION TO DEFENDANTS**

Comes now Plaintiffs, by and through undersigned counsel, and serves their Third Request for Production to Defendants and requests that Defendants AMERICAN SALES AND MANAGEMNT ORGANIZATION, LLC, and EULEN AMERICA, INC. and LIVAN ACOSTA produce the following for inspection, copying, and examination within (30) thirty days from the date hereof, pursuant to Federal Rules of Civil Procedure 34 as follows:

**DEFINITIONS**

For the purposes of this Request for Production, the following definitions shall apply:

1. The term "Defendant" or "Defendants" shall mean AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, and EULEN AMERICA, INC. and LIVAN ACOSTA and shall include its affiliated entities, officers, directors, agents, employees, representatives, and anyone working for or assisting it including, but not limited to its attorneys.

2. The term "Plaintiff" or "Plaintiffs" shall mean named plaintiffs, both jointly and severally.

3. The terms **"You," "Yours," "Yourself," "Defendants"** shall mean AMERICAN SALES AND MANAGEMNT ORGANIZATION, LLC, and EULEN AMERICA, INC. and LIVAN ACOSTA.

4. The term "Complaint" shall mean Plaintiff's Complaint currently pending in the present lawsuit, <u>ISMAEL RODRIGUEZ DIAZ, AMAURY GONZALEZ, YANARIS PENA, LEING UN REY, OSMAR RODRIGUEZ, JOSE E. MORA YEAR, CARLOS ZELAYA, PEDRO PABLO GALINDO GUTIEREZ, PEDRO LANTIGUA GOMEZ, JOSE LOUIS CABALLERO, FERNANDO, AGUILA, JOSE ALBERTO RAUDALES and all others similarly situated under 29 U.S.C. 216(b), vs. AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, EULEN AMERICA, INC., and LIVAN ACOSTA</u> SCOLA/OTAZO-REYES in the United States District Court, Southern District of Florida.

5. The terms **"document"** or **"documents"** shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; franchise

agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon.

6. "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

7. "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, e-mail communications, blogs, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether

or not such document, or information contained herein was transmitted by its author to any other person.

8. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

9. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

10. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

11. The term "materials" shall mean (1): the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2): apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; Tools or apparatus for the performance of a given task.

12. The term "third-party" or "third-parties" refers to individuals or entities that are not a party to this action.

13. "Identify" when used in reference to:
    a. a person, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;
    b. a firm, partnership, corporation, proprietorship, entity/business, or association, shall mean to state its full name and present or last known address (designating which) and

    to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

  c. in the case of a document, the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

  d. in the case of an oral communication, the date, the communicator, communicatee, and the nature of the communication;

  e. in the case of a document within the possession, custody or control of Defendant, whether Defendant will make it available to Plaintiff's counsel for inspection and/or copying;

  f. in the case of a document that was, but is no longer in the possession, custody or control of Defendant, what disposition has been made of the document.

14. As used in this Request for Production of Documents, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

15. Unless explicitly stated otherwise, the requests set forth below relate to the time-period of October 10, 2012 through September 30, 2014.

## REQUESTS

1. Please provide any documents which describe or evidence disciplinary policies as they applied to any named Plaintiff in this action.  This request includes, but is not limited to:
    a. Any letter or e-mail describing, directing, or requiring that a Plaintiff be fired or disciplined; and
    b. Any handwritten note describing or articulating that as Plaintiff has been disciplined or terminated.

2. Please provide any documents which describe or evidence disciplinary policies from January 1, 2012 until the date of this Request for Production, generally. This request includes, but is not limited to:

    a. E-mails stating a policy to discipline or terminate employees who perform certain conduct; or

    b. Flyers or notices describing new policies.

3. Any e-mail created or received from January 1, 2012 until the date of this Request for Production to or from Yasmin Kendrick which contains the word "arbitration."

4. Any e-mail, document, or other correspondence between Thaimy Diaz and Yasmin Kendrick in which any Plaintiff is mentioned, including but not limited to:

    a. Any communication referred to in the deposition of Yasmin Kendrick, dated Wednesday, April 1, 2015.

5. Any communication between Cindy Tunon and Thaimy Diaz from January 1, 2012 until the date of this Request for Production of Documents that relates to the arbitration at issue in this litigation, or, the termination of any Plaintiff in this action. This request includes, but is not limited to:

    a. Any e-mail containing the word "arbitration"; and

    b. Any e-mail containing the name of any Plaintiff in this action.

6. Any communication regarding new arbitration rules being established for employees, as described by Yasmin Kendrick in her capacity as corporate representative on page 13 of her deposition dated April 1, 2015.

7. Any communications, including but not limited to e-mails, from Luis Rodriguez in regard to the decision to implement any new policies regarding arbitration. This request includes but is not limited to:

    a. The communications described by Yasmin Kendrick in her capacity as corporate representative on page 14 of her deposition dated April 1, 2015; and

    b. Any e-mail containing the word arbitration from January 1, 2012 until the date of this Request for Production.

8. Any communications, including but not limited to e-mails, from Brent Blake in regard to the decision to implement any new policies regarding arbitration. This request includes but is not limited to:

    a. The communications described by Yasmin Kendrick in her capacity as corporate representative on page 14 of her deposition dated April 1, 2015; and

    b. Any e-mail containing the word arbitration from January 1, 2012 until the date of this Request for Production.

9. Any communication, including e-mails, from any employee of Eulen America, Inc., in which any new policy of implementing an arbitration agreement  This request includes, but is not limited to:

    a. E-mails from Thaimy Diaz regarding employees signing arbitration agreements or being required to sign arbitration agreements; and

    b. Communications by Yasmin Kendrick in her capacity as corporate representative on page 14 of her deposition dated April 1, 2015.

10. Any notes, minutes, or other documents describing or prepared for any Human Resources meetings during May or June of 2014, as described by Yasmin Kendrick in her deposition dated April 1, 2015 on page 14.  You may provide a redacted document in the event that the responsive documents contain sensitive data which is not related to the human resources of Eulen America, Inc.

11. Any incident report, or other document, which describes the cause of any incident which you allege justifies the termination of any of Plaintiffs, including but not limited to:

    a. Documents describing any failed to properly search an aircraft in regard to Plaintiff Galindo; and

    b. Documents describing any vehicle accident in regard to Plaintiff Caballero.


DATED APRIL 21, 2015                                Respectfully Submitted,


                                                    __/s/Elizabeth O. Hueber__
                                                    Elizabeth O. Hueber, Esq.
                                                    Fla. Bar No. 0073061
                                                    J.H. Zidell, P.A.
                                                    Attorney for Plaintiff
                                                    300 71st Street #605
                                                    Miami Beach, Florida 33141
                                                    Tel: (305) 865-6766
                                                    Fax: (305) 865 – 7167


**CERTIFICATE OF SERVICE:**

I hereby certify that a copy of Plaintiffs Third Request for Production of Documents has been served electronically to Nicole Wall, Esquire via email Nicole.wall@csklegal.com and by this 2st day of April, 2015.


                                                    /s/ Elizabeth O. Hueber _____
                                                    Elizabeth O. Hueber