**REDACTED**

From: Beutler, Mark J. [mailto:MJBeutler@duanemorris.com]
Sent: Tuesday, January 28, 2014 6:38 PM
To: Cindy Tunon; Brent Blake; Luis Rodriguez
Cc: Casey III, Michael W.
Subject: Eulen – Mandatory Arbitration Agreement.DOCX

All:

I am writing to set forth the items that will be the focus of tomorrow's meeting. Principally, the discussion will involve ⋯ the proposed arbitration agreement,

REDACTED

Per your instructions, I wrote an arbitration agreement with a class action waiver. These agreements basically work to eliminate class actions. They can have retroactive effect, i.e., they can be used to apply to existing claims as well as claims that arise in the future. But it will be very difficult, but perhaps not impossible, to have the arbitration agreement apply to pending litigation. The case law is not favorable, but the following plan may work and steer around the existing bad precedent. I caution that the proposal skates over numerous complexities of class litigation law, and this plan is untested.

The plan would be to roll out the arbitration agreement and require all employees to sign as a condition of employment. With respect to employees who might join the lawsuit, we could include an option that permits

them without penalty to limit the reach of the arbitration agreement to exclude the pending litigation. That litigation should be described in some detail. Otherwise the court is more likely to hold that the agreement is unenforceable as to the pending litigation (which the court might do anyway). Here is a draft of what I propose:

> A lawsuit has been filed against the Company in the United States District Court for the Southern District of Florida by Maria Mendoza and Jorge Palmer. Palmer was formerly employed as a wheelchair agent in Miami. Mendoza was formerly employed in Miami to provide administrative services at the fuel depot. The plaintiffs filed the lawsuit on their own behalf and on behalf of others similarly situated alleging claims under the Fair Labor Standards Act. They contend that they and others hours of work were understated as a consequence the company's practice of automatically deducting 30 minutes for meal breaks, and the failure to add back the time deducted for meal breaks that were either not taken or were interrupted due to work-related responsibilities. The plaintiffs allege that, in those weeks in which they worked more than 40 hours, they were not paid overtime compensation (calculated at time and one-half) for the time automatically deducted for meal breaks that were interrupted due to work-related matters. To date, the plaintiffs have been joined in the lawsuit by Jose Concepcion, who was formerly employed in Miami as a wheelchair agent.

This may have to change after conferring with additional persons who specialize in this type of litigation.

The question then becomes who should get this supplemental information: (a) everybody asked to sign the agreement, (b) everyone in Miami, or (c) everyone in the plaintiffs' job classifications. This is very dicey because we do not know what the proposed class will be. The definition in the complaint is essentially useless. The court may not like this very much. It is very complicated.

Worst case scenario is that we are required to let the opt-ins escape the agreement as to the pending action. We then slog it out and take the case to a conclusion, but in the future, we do not have this problem.

I have attached a draft arbitration agreement. If we want it to apply to pending litigation, we will have to modify it to make that explicit.

REDACTED

REDACTED

Regards, MJB

**Mark J. Beutler**
Attorney at Law
Board Certified in Labor and Employment Law

Duane Morris LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318
P: +1 305 960 2320
F: +1 305 397 1654
C: +1 703 605 9053

mjbeutler@duanemorris.com
www.duanemorris.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.