UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 14-24245-CV-SCOLA/OTAZO-REYES

ISMAEL RODRIGUEZ DIAZ, *et al.*,

    Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, *et al.*,

    Defendants.

_____/

### NON-PARTY MARK BEUTLER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Non-party Mark Beutler, through his undersigned counsel, files this Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery. As explained below, Plaintiffs' motion should be denied as to Mr. Beutler because the questions at issue seek to invade the opinion work product privilege. This privilege belongs to Mr. Beutler, he has not waived it, and there is no justification for invading the privilege in this case.

### INTRODUCTION

Mr. Beutler served as labor and employment counsel for the defendant, American Sales & Management Organization, LLC, aka Eulen America ("Eulen"). He served in that capacity for several years, but discontinued representing Eulen in early June 2014 when he changed law firms. Mr. Beutler drafted and advised Eulen regarding a mandatory arbitration agreement that is at issue in this case.

Plaintiffs allege that they were terminated for their refusal to sign a mandatory arbitration agreement that all Eulen employees stationed at the Miami International Airport (approximately

1

1800 employees) were required to sign as a condition of employment. Eulen decided to implement the roll out of the mandatory arbitration agreement in January 2014, and it was implemented – one work group at a time – throughout the late winter and spring of 2014. Some employees were terminated when they refused to sign.

The twelve Plaintiffs in this case claim that they, unlike their coworkers, could not be terminated for their refusal to sign the arbitration agreement because their names were on a list of 36 persons represented by Camar Jones of the Shavitz Law Firm. Mr. Jones sent the list by email to Mr. Beutler in late May of 2014 claiming to represent the 36 individuals in "wage and hour issues." No specifics were provided. The list is attached to the Complaint.

None of the Plaintiffs in this case ever filed an overtime or minimum wage claim in any court or other tribunal. However, Plaintiffs contend that the FLSA's anti-retaliation provisions require that they be excused from the otherwise lawful requirement that employees sign the arbitration agreement as a condition of employment.

Plaintiffs allege that the employer terminated them because they engaged in activity protected under the FLSA. Defendants deny the allegations and contend that Plaintiffs' inclusion on Camar Jones's list played no part in the decision to terminate Plaintiffs. In addition, Defendants assert the "advice of counsel" defense to the claim for liquidated damages.

Plaintiffs' counsel took the deposition of Mr. Beutler on May 21, 2015. Because Eulen asserted the advice of counsel defense, Eulen waived the attorney-client privilege as it pertained to the roll out of the arbitration agreement. Accordingly, counsel for Mr. Beutler refrained from asserting the attorney-client privilege. Mr. Beutler was deposed for nearly two hours about Eulen's roll-out of a mandatory arbitration agreement. Mr. Beutler answered nearly every

question asked of him during his deposition, including numerous questions about the legal advice he communicated to Eulen's senior management in connection with the arbitration agreement.

The only questions Mr. Beutler refused to answer were those that would have required him to reveal his own opinion work product – in particular, his mental impressions and opinions about the state of the law on mandatory arbitration agreements, whether Plaintiffs were engaged in protected activity under the FLSA, and the analytic process he underwent to arrive at his legal opinions underpinning the legal advice rendered. To the extent any of this information was communicated to Eulen senior management, Mr. Beutler testified fully and completely in response to counsel's questions. Otherwise, Mr. Beutler objected to answering questions directly seeking his opinion work product.

Mr. Beutler's refusal to answer the questions at issue was well-founded because an attorney's opinion work product is discoverable only in the rarest of situations, and the circumstances of this case do not warrant a departure from this rule.

### A. Mr. Beutler's Opinion Work Product is Not Discoverable.

"[O]pinion work product enjoys almost absolute immunity," and only "extraordinary circumstances" such as the crime-fraud exception may justify a departure from this protection. *Williamson v. Moore*, 221 F.3d 1177, 1182-83 (11th Cir. 2000). No such exception exists here.

Moreover, the work product privilege belongs to Mr. Beutler and he has not waived it. *See USW v. Ivaco, Inc.*, No. 1:01-CV-0426-CAP, 2003 U.S. Dist. LEXIS 10008, *17 (N.D. Ga. Jan. 13, 2003) ("[T]he work-product privilege belongs to both the client and the attorney, either one of whom may assert it; thus, a waiver of the privilege by the client does not deprive the attorney of his own privilege, and vice versa.")(citing *In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994) and *In re John Doe*, 662 F.2d 1073, 1079 (4th Cir. 1981)).

*Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999), is directly on point. There, as here, defendants in a FLSA action asserted that they relied in good faith on the advice of counsel, and waived the attorney-client privilege. *Id*. at 203-08. The Fifth Circuit ruled that plaintiffs were entitled to depose the defendant's attorneys to inquire "into objective facts: what the client said, what counsel said, and when they said it." *Id*. at 209. But the court held that questions regarding the mental impressions and opinions of defense counsel were off limits:

> The second sentence of the magistrate judge's order permits inquiry into counsels' understanding of defendant's perceptions, and the third sentence of the order permits inquiry into counsels' opinions. These inquiries are impermissible. "An attorney's thoughts [are] inviolate...." Even though an attorney's mental impressions and opinions fall outside of the attorney-client privilege, they also "fall[ ] outside the arena of discovery [as their disclosure would] contravene[ ] the public policy underlying the orderly prosecution and defense of legal claims." In *Hickman v. Taylor*, the Supreme Court addressed whether an attorney's work product warranted protection, but the offered rationale for protecting the work product was the protection of the attorney's mental impressions and opinions. The magistrate judge recognized as much by forbidding inquiry into counsel's work product and mental impressions. However, inquiry into counsels' perceptions and opinions was authorized. Such inquiry is inappropriate.

*Nguyen*, 197 F.3d at 210-11.

Here, Mr. Beutler has already testified as to "what the client said, what counsel said, and when they said it," *id*. at 209, and no attempt was made to impede Plaintiffs' counsel's examination on those subjects. For the same reasons expressed by the Fifth Circuit in *Nguyen* and the Eleventh Circuit in *Williamson*, Plaintiff's motion to compel Mr. Beutler to reveal his opinion work product should be denied.

> **B.     Plaintiffs' Arguments in Support of their Motion to Compel are Without Merit.**

Plaintiffs make three arguments in support of their Motion to Compel. None of these arguments has merit.

4

First, Plaintiffs argue that the work product doctrine is inapplicable because it applies only to *materials*. But as seen in *Nguyen* and other cases, courts have applied the work product doctrine to protect attorneys' mental impressions and opinions from disclosure during a deposition. *See, e..g., Nguyen*, 197 F.3d at 210.[1] This makes sense, since an attorney's memoranda and notes reflecting his mental impressions and opinions are protected from disclosure under the work product doctrine. It would be absurd if an attorney could shield such documents from discovery, but be required to testify as to what he was thinking when he drafted the documents. Indeed, courts have held that work product protection extends to intangible work product. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-63 (3d Cir. 2003) ("It is clear from Hickman that work product protection extends to both tangible and intangible work product.") (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) and Federal Practice and Procedure § 2024, at 337 ("Rule 26(b)(3) itself provides protection only for documents and tangible things .... Nonetheless, *Hickman v. Taylor* continues to furnish protection for work product within its definition that is not embodied in tangible form.... Indeed, since intangible work product includes thoughts and recollections of counsel, it is often eligible for the special protection accorded opinion work product.")).

Second, Plaintiffs argue that Mr. Beutler's refusal to answer questions about his mental impressions and opinions was improper because *his* intent at the time of the roll-out of the arbitration agreement is at issue in this case. This is incorrect. Mr. Beutler's intent is not at issue

---

[1] *See also Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326-1329 (8th Cir. 1986) (attorney not required to testify at deposition regarding existence of certain documents because testimony would implicitly reveal attorney's conclusions as to which of the voluminous records involved in case were relevant, and might compromise attorney's professional judgment); *FTC v. U.S. Grant Resources, LLC*, Civ. No. 04–596, 2004 WL 1444951, at *9–11 (E.D. La. June. 25, 2004) (holding Rule 30(b)(6) deposition of FTC was improper given that FTC attorneys and persons working under their direction conducted investigation that was subject of deposition notice and was, therefore, effectively a deposition of FTC's counsel, and that the subjects of the notice did not seek facts, but rather FTC's theories and impressions as to the underlying facts, invading opinion work product).

because Mr. Beutler is not a defendant in the case. Nor could he be, since he never acted as Plaintiffs' employer.  At issue in this case are: (a) whether Defendants had a retaliatory intent in rolling out the mandatory arbitration agreement; and (b) if so, whether Defendants nevertheless relied in good faith on Mr. Beutler's advice.  Plaintiffs are free to depose Defendants' representatives to discover Defendants' intent.  Requiring Mr. Beutler to reveal his own mental impressions and opinions would not only invade the opinion work product privilege, it would serve no purpose.  Mr. Beutler has already testified fully about his communications with Defendants in connection with the roll-out of the arbitration agreement.  Any opinion or belief that Mr. Beutler might have had that he did *not* communicate to Defendants is irrelevant to the question of Defendants' intent for the simple reason that Defendants could not possibly rely upon information that was never communicated to them.

Plaintiffs contend, without any factual or legal support, that Mr. Beutler's intent is relevant because he was acting as Defendants' "agent."  This contention is baseless.  Mr. Beutler merely provided *advice* to Defendants; he did not *act for* Defendants.  An attorney who merely provides legal advice to a client is not acting as the client's agent. *See Cooper v. Faith Shipping*, No. CIV.A.06-892, 2010 WL 2360668, at *13 (E.D. La. June 9, 2010) ("Cisal's attorneys were not acting as its agent. Instead, Cisal relied on the *advice* of its attorneys, who make clear that they presented Cisal with the option of answering the complaint and Cisal declined that option.") (emphasis in original).

Finally, Plaintiffs argue that the work product privilege might be inapplicable in the first place because (Plaintiffs contend) it is not clear from Mr. Beutler's deposition whether Defendants rolled out its mandatory arbitration program in anticipation of litigation.  This, too, is incorrect.  The record is clear that Mr. Beutler advised Eulen to roll out its mandatory arbitration

policy to protect against a nationwide FLSA class or collective action that a plaintiffs' attorney, Andrew Glenn, expressly threatened to file against Eulen.  *See* Beutler Transcript at 11:7-12:14 (Doc. No. 57, Exh. 1).  Indeed, a significant portion of Mr. Beutler's deposition testimony pertained to his communication to Eulen's management as to the various circumstances that led him to believe that a large collective action lawsuit was "imminent." The circumstances that led Mr. Beutler to conclude that litigation was imminent were fully explored in his deposition without objection.  *See* Beutler Transcript at 39-40; 50; 52; 54-55; 60-69.  *See also* Beutler decl. appended hereto as Exh. 1*;* and *Palmer v. American Sales and Management Organization, LLC, et al.*, Case No. 1:13-cv-23053 (S.D. Fla.) at Doc. No. 37, p. 4 (response to motion to compel filed by Mr. Beutler in a case prosecuted by Mr. Glenn and Camar Jones; Mr. Beutler noted that Plaintiffs' complaint sought to certify a class of all non-exempt, full-time employees, *i.e.* the vast majority of [Eulen's] 2800 employees stationed at 12 domestic airports and that plaintiffs' discovery was improper because it served no purpose other than to set up future litigation) (attached to Beutler decl. as Exh. A).

      Thus, Mr. Beutler's mental impressions and opinions about the mandatory arbitration agreement were formed in a context where litigation was thought to be imminent and, hence, constitute opinion work product.  *See Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 640 (E.D.N.Y. 1997) (in light of plaintiff's attorney's express threat of litigation should defendant deny benefits, it was reasonable for defendant to anticipate litigation, and the work product privilege was therefore triggered at that time); *Minskoff v. Am. Exp. Co.*, No. 94 CIV. 967 (RPP), 1994 WL 649162, at *3 (S.D.N.Y. Nov. 16, 1994) (work product privilege applies where there is an express threat of litigation); *Weitzman v. Blazing Pedals, Inc.*, 151 F.R.D. 125, 127 (D. Colo. 1993) ("All of the materials Plaintiffs seek were generated after August 18, 1992, when Plaintiffs

sent their demand letter and threatened litigation. Under these circumstances, it appears that when the materials sought were prepared, there was a substantial probability of imminent litigation over the claim.... The materials, therefore, are protected by the work product doctrine.").

### C. Conclusion: Plaintiffs' Motion to Compel Should Be Denied, and Mr. Beutler Should Be Awarded his Reasonable Attorney's Fees for Opposing the Motion.

Plaintiffs have not proffered a substantial justification for requiring Mr. Beutler to answer the questions at issue, which would require him to divulge his opinion work product. Accordingly, Mr. Beutler respectfully requests that the Court deny Plaintiffs' motion as it pertains to him and order Plaintiffs to pay Mr. Beutler his reasonable attorney's fees incurred in opposing this motion. *See* Fed. R. Civ. P. 37 (a)(5)(B) ("If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").

Respectfully submitted,

By: **/s/ Richard D. Tuschman, Esq.**
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: richard.tuschman@akerman.com
Secondary E-mail: vanessa.berman@akermancom
GOODZ & TUSCHMAN, PLLC
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida  33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938

*Attorney for Mark Beutler*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 29, 2015, on all counsel or parties of record on the Service List below.

                                          */s/ Richard D. Tuschman*
                                          Richard D. Tuschman (FBN: 907480)

## SERVICE LIST

Daniel T. Feld
Daniel T Feld P.A.
20801 Biscayne Boulevard
Suite 403
Aventura, FL 33180
786-923-5899
Email: DanielFeld.Esq@Gmail.com

Elizabeth Olivia Hueber
J.H. Zidell, P.A.
300-71st Street, Suite 605
Miami Beach, FL 33141
3058656766
Fax: 3058657167
Email: elizabeth.hueber.esq@gmail.com

Julia M Garrett
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: jgarrett.jhzidellpa@gmail.com

Steven C. Fraser
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
305.865.6766
Email: steven.fraser.esq@gmail.com

Jamie H. Zidell
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: zabogado@aol.com

*Counsel for Plaintiff*

Cole, Scott, & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
561-383-9236
Fax: 561-683-8977
Email: Nicole.Wall@csklegal.com

*Counsel for Defendants*