UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24245-CV-SCOLA/OTAZO-REYES

ISMAEL RODRIGUEZ DIAZ, *et al.*,

      Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, *et al.*,

      Defendants.

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
AND
RESPONSE TO DEFENDANTS' LETTER REGARDING IN CAMERA PRODUCTION**

Plaintiffs, by and through their undersigned attorney, hereby move this Court for an Order to Show Cause in regard to a failure to comply with Court Order [DE 65] and, further, seek to address and respond to a heavily redacted letter which seeks to argue before the Court,[1] and state as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

I.  BACKGROUND

This memorandum addresses the insufficiency of Defendants' production after they were ordered to do so on July 1, 2015 [DE 65]. "By July 15, 2015 Defendants American Sales and Management Organization, LLC, Eulen America, Inc., and Livan Acosta [...] shall produce the documents listed in the Motion to Compel Discovery (D.E. 55 at 5-6)." Plaintiffs' counsel discusses each request in detail, below.

---

[1] Both the documents at issue and the <u>arguments</u> have been heavily redacted. See Redacted Letter, attached as Exhibit "A". Additionally, there has never been a privilege log produced by Defendants. Thus, Plaintiffs have difficulty addressing arguments made which are not disclosed. Secret legal arguments are not conducive to fair proceedings and, in this case, are a violation of Plaintiffs' procedural due process rights to the extent that they are relied upon but not disclosed.

As undersigned counsel recalls, this Court also held orally that Defendants waived communications made in regard to the decision to fire Plaintiffs and to stop firing Plaintiffs. Communications subsequent to their firings therefore could potentially still be privileged – but contrary to what Defendants assert, this is not at issue here. All communications and documents at issue in this dispute occurred **prior** to some Plaintiffs being fired.

Defendants have failed to comply with the Court's order. First, Defendants redacted communications from Cindy Tunon to Thaimy Diaz for no legitimate purpose. This is essentially the same issue in regard to Cindy Tunon's deposition responses (produced as written responses to the Court), in which Defendants seek to redact. so, Plaintiffs' argument below particular to this communication should presumptively[2] be applicable to the deposition response at issue. Second, Defendants have only partially produced documents they were ordered to produce.

II. DEFENDANTS DEFIED THIS COURTS' ORDER

    a. <u>Attorney-Client Privilege is Inapplicable, and it is Inappropriate to Redact or Fail to Disclose Documents Ordered</u>

Defendants' counsel portrays this situation as if Plaintiffs are trying to get at Defendants' private communications with their counsel, after all the damage had already been done. Defendants' argument that these communications are somehow not relevant or waived because they were "Monday Morning Quarterbacking" on behalf of newer counsel is simply inaccurate.[3] The communication creating this hullabaloo is an email from Cindy Tunon, who is not a lawyer, to Thaimy Diaz, who is not a lawyer, on September 3, 2014, <u>the day before</u> the terminations of three Plaintiffs, Carlos Zelaya, Yanaris Pena, and Lieng Un Rey on September 4, 2014. For the

---

[2] Since Plaintiffs do not know what Defendants argued in their redacted letter, or the contents at issue, Plaintiffs can only make presumptions regarding what is at issue.

[3] Monday-Morning Quarterback, "a person who unfairly criticizes or questions the decisions and actions of other people after something has happened." Merriam-Webster, available at: (http://www.merriam-webster.com/dictionary/monday-morning%20quarterback).

communication at issue, *see* page 22 of Defendants Production in Response to Court Order at Exhibit "B".  For the Separation Reports showing a September 4, 2014 discharge, *see* attached Exhibit "C".

Defendants have used the excuse of attorney-client privilege to: prevent Plaintiffs from seeing this communication through redaction of the document; fail to provide existing e-mails (which they were ordered to produce) which would provide context for Plaintiffs; instruct the witness (Cindy Tunon) not to answer in depositions; and, from the very argument itself, to fail to explain the grounds for privilege; provide a privilege log; and to redact the very argument at issue. This act of hiding-the-ball is grounds itself to act as waiver – it is Defendants' duty to make their privilege log and argue their case. It is not Plaintiffs' job to argue all possible applications of attorney-client privilege.

"The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir.2003), United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir.1991), Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 687 (S.D. Fla. 2010). This burden cannot possibly be established if Defendants cannot describe the context of allegedly privileged communications, particularly when such a situation is ambiguous (i.e. which party is speaking for an attorney, which party is speaking for the client or a corporate employee).

The communications at issue do not appear to be attorney-client privilege, even if waiver of such privilege were not an issue.  "The attorney-client privilege has long been understood to protect from compelled disclosure those confidential communications between a client and the client's attorney made for the purpose of obtaining or rendering legal advice." MapleWood Partners, L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550, 582-83 (S.D. Fla. 2013).  The goal is to protect communications so that attorneys can provide the best advice possible.  Upjohn Co. v. United

States, 449 U.S. 383, 389 (1981), *see also* Grace M. Giesel, The Legal Advice Requirement of the Attorney-Client Privilege: A Special Problem for In-House Counsel and Outside Attorneys Representing Corporations, 48 MER REV. 1170.

> The elements of the attorney-client privilege are: (1) Where legal service advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived.

Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 2:07-CV-16-FTM-99SPC, 2010 WL 5161111, at *1 (M.D. Fla. Dec. 14, 2010), *see* Jack P. Friedman, Is the Garner Qualification of the Corporate Attorney-Client Privilege Viable After Jaffee v. Redmond?, 55 BUS. LAW. 243, 244 n.11 (1999) (stating that these elements are the general rule), United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991)("In order to show that communications made to an attorney are within the privilege, it must be shown that 'the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance.'" *Citing* United States v. Ponder, 475 F.2d 37, 39 (5th Cir.1973)).

Upjohn Co. v. United States, 449 U.S. 383 (1981) recognized that employees can be agents for the purposes of attorney-client privilege. That being said, communications *between* agents can only be privileged in exceptional circumstances. United States v. Davita, Inc., 301 F.R.D. 676, 680 (N.D. Ga. 2014).

> It is true that disclosures of privileged information to and from an employer's counsel involving middle and lower level employees can be subject to the attorney-client privilege under certain circumstances; however, Defendants' attempt to extend *Upjohn* to protect all disclosures made to an employee by that employee's superior simply because the disclosure may relate to communications with counsel reveals a misunderstanding of *Upjohn*.

Ezell v. Darr, No. 4:11-CV-93 CDL, 2012 WL 123374, at *3 (M.D. Ga. Jan. 17, 2012).

In this matter, Cindy Tunon is directing Thaimy Diaz, as her boss, to *do something*. She is not conveying attorney advice as if she was a mere messenger. The content of the message cannot possibly fulfill all of the elements required.

Even, hypothetically, if the communications are directives from an attorney regarding their advice, the privilege has been waived. Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1419 (11th Cir.) opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994); United States v. Suarez, 820 F.2d 1158, 1160 (11th Cir. 1987). Any advice given prior to the firing of Plaintiffs is fair game, and that's all Plaintiffs asked for.

The assertion that any communication prior to September 4, 2014 is protected under attorney client privilege is a "dance" and distraction from the fact that there is no actual reasonable argument that any of these communications are redacted or were not produced. These communications and documents are a critical part of Plaintiffs' complaint and Defendants' defense and must be disclosed.

    b. <u>Defendants' production of documents pursuant to the Court's order is wholly insufficient and the redactions are inappropriate</u>

In the Court's Order dated July 1, 2015 [DE 65], the Court instructs Defendants to produce, on or before July 15, 2015, the documents in Plaintiffs' Motion to Compel Discovery [DE 55 at 5-6]. Below, Plaintiffs address Defendants' insufficient production of documents, as ordered by the Court, one by one:

1. Several drafts of the arbitration agreement and corresponding e-mails amongst Defendants' employees (referenced in Depo. Transcript of Thaimy Diaz, pp 8, 9, 11, 44). Defendants produced no responsive documents.
2. A list of people who refused to sign the arbitration agreement and corresponding e-mails (referenced in Depo. Transcript of Thaimy Diaz, p 29). Defendants produced several emails, however, some lists responsive to this request and to the Request #4, below, are inappropriately redacted. See Exhibit B, Redacted Lists, attached here. Defendants' counsel asserts that only the date of birth of the listed individuals was redacted, purportedly to protect these individuals' privacy. However, Plaintiffs' counsel would not know whether the

date of birth was the information redacted or, furthermore, whether that was the only information redacted. In any event, any redaction to this document was inappropriate, as it is not being produced for evidence at trial.

3. Relevant e-mails to and from Cindy Tunon regarding the Plaintiffs in this action (referenced in Depo. Transcript of Thaimy Diaz, p 48). Defendants' production of documents was responsive to the extent Plaintiffs are able to specifically identify, although Plaintiffs believe there are more.

4. Various lists of Defendants' employees who had and had not signed the arbitration agreement (referenced in Depo. Transcript of Thaimy Diaz, pp 55, 56). The documents produced by Defendants' in response were inappropriately redacted, as discussed in Request #2, above.

5. Various administrative e-mails between employees regarding the requirements to sign an arbitration agreement (referenced in Depo. Transcript of Thaimy Diaz, p 57). There are only two emails, one from Yasmin Kendrick, and one from Thaimy Diaz. The email from Thaimy Diaz was inappropriately redacted. See Exhibit "B", Redacted Lists.

6. E-mails between Yasmin Kendrick, Livan Acosta, and Thaimy Diaz discussing those who did not sign the arbitration agreement and what to do with them (referenced in Depo. Transcript of Thaimy Diaz, pp 60-61). Defendants' production of documents is partially responsive. However, not one email from Yasmin Kendrick nor Livan Acosta responsive to this request was produced.

7. An e-mail from Cindy Tunon to Thaimy Diaz dated on or about September 3rd, 2014 saying "stop, don't continue with the meetings [firing the employees] until further notice" (referenced in Depo. Transcript of Thaimy Diaz, pp 61, 115). The email responsive to this request was produced, but inappropriately redacted. See Exhibit "B", Redacted September 3, 2014 email, attached here.

8. An e-mail from Kirk Gomez describing the terminations of people and requiring his presence at termination meetings (referenced in Depo. Transcript of Thaimy Diaz, p 68). Defendants produced only the documents responsive to this request that Plaintiffs had procured before discovery began. Plaintiffs are unaware if there exist any additional documents responsive to this request.

9. E-mails from Kirt Gomez regarding the decision to terminate Pedro Galindo and Pedro Lantigua (referenced in Depo. Transcript of Thaimy Diaz, p 73). Defendants produced only the documents responsive to this request that Plaintiffs had procured before discovery began. Plaintiffs are unaware if there exist any additional documents responsive to this request.

10. E-mails from Thaimy Diaz describing who signed the arbitration agreements and general updates (referenced in Depo. Transcript of Thaimy Diaz, p 89). To the extent Plaintiffs can identify, Defendants produced the documents responsive to this request, with the exception

   of the inappropriately redacted documents referenced in Requests #2, #4, and #5, discussed above.

11. Status updates from Livan Acosta regarding arbitration agreements (referenced in Depo. Transcript of Thaimy Diaz, p 89). No documents were produced by Defendants in response to this request.

12. An e-mail from Thaimy Diaz describing who had not signed the arbitration agreement on or about June of 2014 (referenced in Depo. Transcript of Thaimy Diaz, p 92). Defendants produced the email requested, but the list attached to the email was inappropriately redacted.

13. An e-mail to Yasmin Kendrick regarding the discharge of Plaintiff Jose Caballero (referenced in Depo. Transcript of Thaimy Diaz, p 102). To the extent Plaintiffs are aware, Defendants produced the email responsive to this request.

14. E-mails from Mark Buetler in which he suggested the implementation of the mandatory arbitration agreement (referenced in Depo. Transcript of Livan Acosta, p 13). Defendants produced one email from Mark Beutler in response to this request. Plaintiffs are aware that Defendants have—at least—one other email from Mark Beutler to Cindy Tunon regarding the arbitration agreement at issue, because Defense counsel produced another heavily-redacted email from Mark Beutler to Plaintiffs' counsel on May 22, 2015 to use specifically for impeachment purposes only during the second depositions of Brent Blake and Luis Rodriguez. *See* [DE 55-9]. Plaintiffs request that this Court order the attached all other responsive emails from Defendants immediately, without any redaction, of course.

III. CONCLUSION

   This Court ordered that Defendants provide the documents at issue, after privilege was found to be waived, following argument and briefing. Nevertheless, Defendants persist in refusing to produce the documents for the same grounds that they argued on and lost. The rules of discovery and this Court's orders should not be optional, or argued *ad infinitum*. To permit this purposeful subverting of process would directly harm this Court's process and Plaintiffs' rights.

   Wherefore, Plaintiffs request that this Court order Defendants to show cause as to why they failed to fulfill this Court's order, and if they fail to so comply, then Plaintiffs request that this Court sanction Defendants appropriately, up to and including the striking of their affirmative defenses, if this Court find such a sanction just and proper.

Respectfully submitted this 17th day of July, 2015.

J.H. Zidell, P.A.  
Attorney for Plaintiffs  
300 71st Street, Suite 605  
Miami Beach, Florida 33141  
Tel: (305) 865-6766  
Fax: (305) 865-7167  

By: /s/ Elizabeth O. Hueber  
Elizabeth O. Hueber  
Florida Bar No.: 0073061

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. On July 14, 2015, Plaintiffs advised Defendants' counsel of their failure to comply with the underlying court order, and advised Defendants' counsel that this was their attempt to resolve the matter prior to filing this motion. On July 15, 2015 Plaintiffs' counsel again advised Defendants' counsel that they were noncompliant, and invited Defendants to a further discussion to be held on July 16, 2015. On July 17, 2015, Defendants' counsel advised that she would give a response on July 20, 2015. Plaintiffs assert that Defendants' conduct amounts to a refusal to resolve this matter.

By: /s/ Elizabeth Olivia Hueber  
Elizabeth Olivia Hueber  
Florida Bar No.: 0073061

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on July 17, 2015, on all counsel or parties of record on the Service List below.

__/s/Elizabeth O. Hueber__
Elizabeth O. Hueber, Esq.
Fla. Bar No. 0073061
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

**SERVICE LIST**

Nicole M. Wall
Cole, Scott, & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
561-383-9236
Fax: 561-683-8977
Email: Nicole.Wall@csklegal.com
*Attorney for Defendants:*
*American Sales and Management*
*Organization, LLC,*
*Eulen America, Inc.,*
*Livan Acosta*