**CSK**

ESPERANTE BUILDING
222 LAKEVIEW AVENUE, SUITE 120
WEST PALM BEACH, FLORIDA 33401

TELEPHONE (561) 383-9200
FACSIMILE (561) 683-8977

WEBSITE www.csklegal.com
DIRECT LINE (561) 383-9236
EMAIL nicole.wall@csklegal.com

MIAMI · WEST PALM BEACH · TAMPA · KEY WEST · FT. LAUDERDALE WEST · NAPLES · JACKSONVILLE · ORLANDO · PENSACOLA · BONITA SPRINGS · FT. LAUDERDALE EAST

July 14, 2015

Honorable Alicia M. Otazo-Reyes
Magistrate Judge
U.S. District Court
301 N Miami Avenue, 10th Floor
Miami, FL 33128

> Re: *Ismael Rodriguez Diaz, et al.   v. American Sales and Management Organization, LLC, et al.*
> *Case No.: 1:14-cv-24245-RNS/AMO*

Dear Judge Otazo-Reyes,

Pursuant to your Order dated July 1, 2015 [D.E. 65], attached hereto, please find Defendants' proposed Answer to Question Asked During Deposition of Cindy Tunon for your *in camera* review. The italicized text constitutes the matter to be redacted based upon the attorney-client privilege. Specifically, and as reflected by the subject italicized text, Defendant's decision to stop terminating employees for not signing the arbitration agreements

Defendants did not waive the attorney-client privilege in connection with such communications, and should not be forced to do so now.

The sole matter that Defendants waived the attorney-client privilege in connection with is their communications with their <u>prior</u> counsel regarding the implementation of the arbitration agreement and the termination of Plaintiffs for not signing it. The sole basis for such waiver is Defendants' good faith defense of reliance on the advice of <u>prior</u> counsel <u>for their decision to terminate Plaintiffs for not signing the agreement</u>. By contrast, Defendants have never asserted any good faith defense of

Importantly, when a party asserts a defense of good faith, and affirmatively offers testimony regarding consultation with their attorney as factual support for the defense, and when counsel's advice supports the defendant's good faith belief, the defendant has put <u>that counsel's</u> advice "at issue" and thereby waives the attorney client privilege <u>on the narrow subject matter of those communications with that attorney</u>. *Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 469 (E.D. Mich. 2008). Defendants asserted the good faith defense of reliance on the advice of their <u>former</u> counsel <u>regarding the implementation of the arbitration agreement at issue in this case and the termination of Plaintiffs for not signing it</u>, and affirmatively offered testimony regarding <u>communications with said former</u> counsel about <u>those specific</u> matters as factual support for the defense. Additionally, said <u>former</u> counsel's advice supported Defendants' good faith belief regarding the subject issues. Therefore, Defendants waived the attorney client privilege on <u>such</u>

REDACTED

Honorable Alicia M. Otazo-Reyes
July 14, 2015
Page 2

narrow subject matters of those communications with their prior counsel, namely, the implementation of the arbitration agreement at issue in this case and the termination of Plaintiffs for not signing it. By contrast, Defendants did not waive the attorney client privilege with

REDACTED

As a matter of policy, waivers are to be construed narrowly, and the court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* No broader waiver than that discussed above is needed to ensure the fairness of the proceedings in this case, and no broader waiver should be found. A broader waiver would result with the disclosure of sensitive attorney-client privileged communications that are irrelevant to the issues involved in the case and would unfairly prejudice Defendants. Indeed, any matters after Plaintiffs' terminations (such as any corporate decisions made by Defendants regarding actions to take or not to take, in connection with employees other than Plaintiffs, which did not involve Plaintiffs) are wholly irrelevant to Plaintiffs' retaliation claim. *See generally, Ostrow v. GlobeCast Am. Inc.,* 2011 WL 4971974, at *3 (S.D. Fla. 2011) (courts evaluate proffered legitimate business reasons based on the belief of the employer at the time of the adverse employment action); *Leatzow v. A.M. Castle & Co.,* 2001 WL 1825851, at *5 (S.D. Fla. 2001) (occurrences after a plaintiff's termination are irrelevant to a pretext inquiry); *Landry v. Lincare, Inc.,* 579 F. App'x 734 (11th Cir. 2014) (finding reasons for termination not discriminatory based on employer's belief at the time of the termination); *Jones v. Winn-Dixie Stores, Inc.,* 75 F. Supp. 2d 1357, 1366 (S.D. Fla. 1999) (whether or not the employer turns out to be right about the basis for its decision to take adverse employment action is not relevant, as long as it was not based on discriminatory/retaliatory animus"); *Padron v. Bellsouth Telecommunications, Inc.,* 196 F. Supp. 2d 1250, 1258 (S.D. Fla. 2002) (an employer can take adverse employment action if it is mistaken about the reason for the decision that it believed to exist at the time); *Etienne v. Muvico Theaters, Inc.,* 2003 WL 21184268 *14 (S.D. Fla. 2003) (the fact that an employer's decision might have been unwise or based on erroneous facts does not give rise to an employment discrimination/retaliation claim). Additionally, the sensitive attorney-client privileged communications would unfairly prejudice Defendants,

REDACTED

It follows that the italicized text contained within Defendants' proposed Answer to Question Asked During Deposition of Cindy Tunon constitutes information protected by the attorney-client privilege that is not discoverable. Thus, such text should be redacted from Defendants' proposed Answer prior to serving same upon Plaintiffs.

Respectfully submitted,

*Nicole Wall*

Nicole Wall

NW:sh
Enclosure
cc: J.H. Zidell, Esq. – Redacted and Without Enclosure

I:\03-12-0026-00\retaliation matter\correspondence\court-judge\judge 007 (otazo-reyes) re in camera review of answer to deposition question.docx