UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-24245-RNS

ISMAEL RODRIGUEZ DIAZ, et al.,

    Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited
liability company, EULEN AMERICA, INC.,
and LIVAN ACOSTA,

    Defendants.
_____/

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO
CLAIM ASSERTED BY PLAINTIFFS ISMAEL RODRIGUEZ DIAZ, YANARIS PENA,
JOSE RAUDALES, LIENG UN REY, JOSE MORA, AMAURY GONZALEZ, CARLOS
ZELAYA, OSMAR RODRIGUEZ, JOSE CABALLERO,
AND FERNANDO AGUILA**

    COME NOW Defendants, American Sales and Management Organization, LLC, Eulen America, Inc., and Livan Acosta, by and through the undersigned counsel, pursuant to Rule 56.1 of the Local Rules for the Southern District of Florida, and submit their Statement of Material Facts upon which there is no genuine issue to be tried, and state as follows:

    1.    Plaintiffs Ismael Rodriguez Diaz, Yanaris Pena, Jose Raudales, Lieng Un Rey, Jose Mora, Amaury Gonzalez, Carlos Zelaya, Osmar Rodriguez, and Fernando Aguila (jointly "Plaintiffs") began working for Eulen America, Inc. (hereinafter "Eulen") in or around October of 2012 and at times material served as a cabin cleaning agents in the company's cabin service department; Plaintiff Jose Caballero worked as a driver for Eulen at all times material. *See* Amended Complt. ¶13-24, attached hereto as Exhibit A; Plaintiffs' Separation Reports, attached hereto as Exhibit B; Depo. of Rodriguez Diaz, page 26, attached hereto as Exhibit C; Depo. of Yanaris Pena, page 14, attached hereto as Exhibit D; Depo. of Jose Raudales pg. 13, attached

hereto as Exhibit E; Depo. of Lieng Rey p. 11, attached hereto as Exhibit F; Depo. of Osmar Rodriguez p. 26, attached hereto as Exhibit G; Depo of Aguila p. 31, attached hereto as Exhibit H; Depo. of Mora, p. 23, attached hereto as Exhibit I; Depo of Gonzales p. 12, attached hereto as Exhibit J; Depo. of Zelaya p. 38, attached hereto as Exhibit K; Depo. of Caballero, p. 29-30, attached hereto as Exhibit P.

2.      In January of 2014, Eulen decided to implement a company-wide mandatory arbitration agreement (hereinafter "agreement" or "arbitration agreement"), which required employees to arbitrate any dispute between them regarding their employment with the Company (subject to certain exceptions inapplicable to the case at bar). *See* Depo. of Tunon, pgs. 7, 9-13, 21, 47, attached hereto as Exhibit L. The execution of the agreement was a condition of employment with Eulen. *Id.* at pg. 13.

3.      In March of 2014, Eulen began the process of rolling the agreement out to its approximately 2000 employees at Miami International Airport, where Plaintiffs worked, presenting the agreement to one or more departments at a time, and seeking the employees' signatures. *See*, Depo. of Thaimy Diaz, pgs. 8, 16-20, 30, 35, 37, attached hereto as Exhibit M; Depo. of Tunon, pg. 46.

4.      In early May of 2014, Eulen presented the agreement to the employees in the cabin service department, including Plaintiffs. *See* Depo. of Thaimy Diaz, pgs. 20, 81-82; Depo. of Rodriguez Diaz, pgs. 36-37; Depo of Yanaris Pena, pg. 33; Depo. of Jose Raudales p. 35; Depo. of Lieng Rey p. 30; Depo. of Osmar Rodriguez p. 36; Depo of Aguila p. 36-37; Depo. of Mora, p. 26; Depo of Gonzales p. 30; Depo. of Zelaya p. 43.

5.      On May 21, 2014, Camar Jones, Esq. of Shavitz Law Group, P.A. sent correspondence to counsel for Eulen at the time advising that he had been retained by

approximately 30 current and former employees of the company for wage and hour issues. *See* Exhibit A to Amended Complt. On May 23, 2014, Mr. Jones sent Eulen's then counsel correspondence listing the individuals who had retained his form to represent them in wage and hour matters. *See* Exhibit B to Amended Complt. Plaintiffs were contained within the list. *Id.* On June 24, 2014, Mr. Jones filed a lawsuit against Defendant for the recovery of overtime wages pursuant to the Fair Labor Standards Act, whereby two individuals contained within Jones' list purportedly represented a putative class. *See* Amended Complt ¶ 40; Exhibit B to same. The Plaintiffs in this case were not named in the lawsuit, nor was any class certified or even moved for in that matter.

6. In July of 2014, Plaintiff Jose Caballero was terminated as a result of Eulen's assessment that he failed to perform his job in a satisfactory manner and violated company policy in connection with same. *See* Caballero's Separation Report; Depo. of Thaimy Diaz, pgs. 94-96.

7. In mid-August, Eulen made the decision to proceed with terminating all employees who refused to sign the mandatory arbitration agreement, and instructed Human Resources Representative Thaimy Diaz to begin scheduling meetings with the non-signing employees to give them one last chance to sign the agreement and terminate them if they continued to refuse to do so. *See* Depo. of Tunon, pgs. 47-50; Depo. of Thaimy Diaz, pgs. 6, 38-39, 112-116.

8. On September 2, 2014, Eulen began the process of meeting with the non-signing employees, giving them one last chance to sign the agreement, and terminating them if they continued to refuse to do so, in accordance with the company's decision. *See* Depo. of Thaimy Diaz, pgs. 58, 114-116.

Case No.: 1:14-cv-24245-RNS

9. On September 2, 2014 and September 3, 2014, Eulen terminated approximately 12 employees for not signing the mandatory arbitration agreement, nine of whom are Plaintiffs in the above-captioned case. *See,* Depo. of Thaimy Diaz, pgs. 115-116, 119-120; Aff. of Thaimy Diaz, attached hereto as Exhibit N; Aff. of Rafuls, attached hereto as Exhibit O; Depo. of Tunon pgs. 63-64; Separation Reports of Plaintiffs. Such days were the only days on which Eulen terminated employees for not signing the agreement. *See* Depo. of Thaimy Diaz, pgs. 115-116; Aff. of Thaimy Diaz; Aff. of Rafuls.

10. Plaintiffs concede that they were terminated due to their refusal to sign the arbitration agreement. *See* Amended Complaint ¶41. Plaintiffs claim that such termination due to their failure to sign the arbitration agreement constitutes retaliation in violation of the FLSA. *See id* ¶ 42.

11. Plaintiffs further claim that Defendants retaliated against them in violation of 29 U.S.C. § 215(a)(3) by terminating them due to an allegedly threatened wage and hour claim. *See* Amended Complt. ¶¶ 41, 42.

12. Plaintiffs were never told by Eulen that they were terminated due to their allegedly threatened wage and hour claim. *See* Depo. of Rodriguez Diaz pgs. 44-45; Depo. of Yanaris Pena pg. 38; Depo. of Jose Raudales p. 45; Depo. of Lieng Rey p. 37; Depo. of Osmar Rodriguez p. 47; Depo of Aguila p.46; Depo. of Mora, p. 39-40; Depo of Gonzales pgs. 44-45; Depo. of Zelaya p. 51; Depo. of Caballero, p. 61.

13. Plaintiffs Diaz, Pena, Raudales, And Rey have no evidence that their terminations were in any way related to their allegedly threatened wage and hour claim. *See* Depo. of Ismael Rodriguez Diaz, page 46; Depo. of Yanaris Pena, page 39; Depo. of Jose Raudales, page 46; Depo of Lieng Un Rey, page 46.

14. The only evidence Plaintiff Aguila has that he was fired because of his alleged wage and hour claim is his opinion that "it was known that was the reason." *See* Depo. of Aguila pg. 52.

15. The only evidence Plaintiff Mora has that he was fired because of his allegedly threatened wage and hour claim is that Yasmin Kendrick allegedly posted a "blacklist" of employees with pending claims and targeted them for termination.. *See* Depo. of Mora pg. 40.

16. The only evidence Plaintiff Osmar Rodriguez has that he was fired because of his allegedly threatened wage and hour claim is his belief that firing an employee for not signing an arbitration agreement "is no reason to fire a worker." *See* Depo. of Osmar Rodriguez, page 47.

17. Olga Linares, who is not a named plaintiff in this matter, was terminated by Eulen for refusing to sign the arbitration agreement on September 3, 2012. *See* Separation Report of Olga Linares, attached hereto as Exhibit Q.

18. Throughout the process of rolling out the arbitration agreement, Eulen's Human Resources Representative Thaimy Diaz would email the names of employees that she needed to see to sign the arbitration agreement to the managers of each department, including Yasmine Kendrick, Cabin Services Manager. *See* Depo. of Thaimy Diaz, pages 55-60. Once Yasmine received Thaimy's email, she forwarded same to her assistant [Anelys Montejo] to handle. *Id.* at 57; *see also* correspondence from Yasmin Kendrick to Anelys Montejo dated August 27, 2014, attached hereto as Exhibit R. Anelys erroneously interpreted Yasmin's email to mean that she was to post the list on the wall in the cabin department so that the employees would know that they were to go see Thaimy. *See* Depo. of Thaimy Diaz, page 60.

Dated: August 28, 2015.

Case No.: 1:14-cv-24245-RNS

          Respectfully submitted,

          COLE, SCOTT & KISSANE, P.A.
          Attorneys for Defendants
          Esperante Building
          222 Lakeview Avenue, Suite 120
          Telephone: 561-383-9236
          Facsimile:  561-683-8988

          By: /s/ Nicole Wall_____
              NICOLE WALL
              FBN: 17430
              E-Mail: nicole.wall@csklegal.com

## CERTIFICATE OF SERVICE

     WE HEREBY CERTIFY that on this 1st day of September, 2015, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: /s/ Nicole Wall_____
              NICOLE WALL
              FBN: 17430
              E-Mail: nicole.wall@csklegal.com

SERVICE LIST
J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorneys for Plaintiffs
300 71st Street
Suite 605
Miami Beach, FL  33141
Zabogado@aol.com
*VIA CM/ECF*

I:\0342-0026-00\retaliation matter\pleading\motion\statement of material facts for motion for summary judgment re ten plaintiffs.docx