UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24245-CV-SCOLA/OTAZO-REYES

ISMAEL RODRIGUEZ DIAZ, *et al.*,

    Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, *et al.*,

    Defendants.

_____

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned attorney, hereby file Plaintiffs' Statement of Material Facts in support of Plaintiffs' Motion for Summary Judgment dated September 1, 2015 [DE 88], pursuant to Local Rule 56.1, and state as follows:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1. Plaintiff Pedro Galindo Gutierrez began working for Defendants in the cabin service department on October 17, 2012. See Separation Report, DE 85-4, p. 2.

2. Plaintiff Pedro Lantigua Gomez began working for Defendants in the cabin service department on October 27, 2012. See Separation Report, DE 85-7, p. 2.

3. Plaintiff Ismael Rodriguez Diaz began working for Defendants in the cabin service department on October 22, 2012. See Separation Report, DE 87-2, p. 2.

4. Plaintiff Amaury Gonzalez began working for Defendants in the cabin service department on January 29, 2013. See Separation Report, DE 87-2, p. 3.

5. Plaintiff Yanaris Pena began working for Defendants in the cabin service department on October 18, 2012. See Separation Report, DE 87-2, p. 4.

6. Plaintiff Lieng Un Rey began working for Defendants in the cabin service department on November 1, 2012. See Separation Report, DE 87-2, p. 5.

7. Plaintiff Osmar Rodriguez began working for Defendants in the cabin service department on December 11, 2012. See Separation Report, DE 87-2, p. 6.

8. Plaintiff Jose Mora began working for Defendants in the cabin service department on January 19, 2009. See Separation Report, DE 87-2, p. 7.

9. Plaintiff Carlos Zelaya began working for Defendants on October 18, 2012. See Separation Report, DE 87-2, p. 8.

10. Plaintiff Fernando Aguila began working for Defendants on February 13, 2009. See Separation Report, DE 87-2, p. 9.

11. Plaintiff Jose Raudales began working for Defendants on November 9, 2012. See Separation Report, DE 87-2, p. 10.

12. Plaintiff Jose Caballero began working for Defendants on December 10, 2012. See Separation Report, DE 87-2, p. 11.

13. Cindy Tunon is the head of the Human Resources department in the United States for Defendants. Tunon Depo., p. 5, l. 7-18.

14. Cindy Tunon was the supervisor of Thaimy Diaz. Tunon Depo., p. 95 l. 15-18.

15. Thaimy Diaz is the Human Resources representative for the Miami Airport office. Tunon Depo., p. 15, l. 6-13.

16. Livan Acosta was the Vice-President of Operations for Defendants until July 2014, when he became the Chief Operating Officer ("COO") of Defendants until the present. Acosta Depo., p. 4, l. 7 – 16.

17. On August 23, 2013 employees of Defendants filed a collective action complaint for overtime against Defendants in <u>Palmer v. American Sales and Management Organization, LLC</u>, case no. 1:13-cv-23053-JEM.  *See* Tunon Depo., p. 33, l. 1-9.

18. Mark Beutler, attorney for Defendant Eulen America for many years until about July 2014, suggested to Defendants that they implement a mandatory arbitration agreement because the Defendants had had multi-plaintiff lawsuits against them in the past, and that attorney Andrew Glenn told Mr. Beutler that he was going to bring a nationwide class action lawsuit against Defendants. Mark Beutler Depo. p. 11, l. 16 – p. 12, l. 18.

19. Mr. Beutler wanted to protect Defendants against collective and class action lawsuits, mainly comprised of wage and hour lawsuits. Mr. Beutler believed Defendants' employees, who worked at airports where there was corruption, were lower skilled, and that dishonesty was rampant, and that they were more likely to bring lawsuits. Mark Beutler Depo., p. 12, l. 19 – p. 13, l. 8.

20. By January of 2014, the decision to implement the arbitration agreement and jury trial waiver had been made by Defendants. See DE 87-12, p. 4.

21. On January 28, 2014, Mark Beutler sent an email to Cindy Tunon, Brent Blake, and Luis Rodriguez stating, in part, that he drafted an Arbitration Agreement, discussing its implications, and stating that all employees should be required to sign it in order to reduce claims against Defendants, among other reasons.

22. The arbitration agreement at issue in this litigation is the same draft which was presented by Mr. Beutler to Defendants in January, 2014, and was intended to include all claims, either pending or future. See DE 4-3; see also Tunon Deposition, p. 11, l. 6-11, p. 20, l. 16-25, p. 21, l. 1-18.

23. Mark Beutler was charged with handling all aspects of the roll out of the arbitration agreement. Tunon Depo, p. 8 l. 10-20, p. 68 l. 9-14, p. 73 l. 4-6.

24. Ms. Tunon asked Mr. Beutler how she could make the mandatory arbitration agreement more palatable in an e-mail dated February 24, 2014. Mr. Beutler told Cindy Tunon to be nice to Defendants' employees, but to also require the employees to sign the Arbitration Agreement or to terminate the employees. Mark Beutler Depo., p. 44, l. 1–7; See email from Mark Beutler to Cindy Tunon on May 27, 2014. Tunon made signing the agreement a condition of employment. Tunon Depo., p. 13, l. 17 – 21. Livan Acosta understood that the Defendants would provide more than one opportunity to the employees to sign the Arbitration Agreement, but that if the employees refused eventually they would be fired for refusing to sign the Agreement. Acosta Depo. p. 23, l. 16 – p. 24, l. 7.

25. Plaintiffs were presented with the Arbitration Agreement more than once starting in May 2014, and at least the first time it was presented by Thaimy Diaz, Plaintiffs were told that it was not mandatory to sign the document. Aguila Depo., p. 38, l. 21 – p. 39, l.

26. On May 21, 2014, attorney Camar Jones of Shavitz Law Group, P.A. sent a letter to Defendants' counsel, Mark Beutler, informing Mr. Beutler of a wage and hour claim against Defendants for approximately thirty of Defendants' current and former employees. See Letter, DE 4-1.

27. On May 23, 2014, attorney Jones sent an email to Mark Beutler containing the names of the claimants in the wage and hour claim, which included the names of the Plaintiffs in this action. See Email, 4-2.

28. Thaimy Diaz did a lot of the "leg work" in distributing the Arbitration Agreement for employee signatures. *See* Exhibit _____, E-mail correspondences between manager Livan Acosta, Thaimy Diaz.

29. On April 3, 2014 Mr. Beutler sent an e-mail to Cindy Tunon urging her to focus on getting employees "at the 40 hour threshold" to sign the arbitration agreement.

30. On April 7, 2014 Mark Beutler sent an e-mail to Defendants' agents Cindy Tunon and Livan Acosta saying:

> I realize that you are all working very hard at this. But as I told you, the plaintiffs' law firm (the Shavitz group) is seeking to obtain a list of persons and contact information for persons who worked in the same work groups as the plaintiffs. Shavitz and Company filed a motion to compel this evening. I dragged out the discussions as long as I could.
>
> The only rationale that makes any sense for why this information is sought is that the Shavitz law group wants to set up their next case, and try to do a very large collective action . This is how they do business. That is why this case has been so difficult to settle. I have done my best, and may prevail yet, at keeping the names and contact information out of the greedy hands of plaintiffs' lawyers. But the law is on their side. I may have to cough up the information. Further, I already produced the exception logs, which contain the names and jobs of various persons. But there is no contact information.
>
> **That is why it is imperative that we continue the efforts to get the arbitration agreements which contain the class action waivers signed by as many persons as possible.**
>
> I do not know what the court will do, but the persons whose contact information will most likely require disclosure will be those most similar to the plaintiffs. Thus, fuel farm agents and wheelchair coordinators should be at the top of the list. After that, hit the wheelchair agents, then the cabin cleaners. Do not stop there. Move to JFK, WPB, etc.  If any of this can be done simultaneously (i.e., JFK at the same time as DCA), even better.
>
> Understand that chiseling down the number of persons for whom we have to disclose contact information is helpful, but if Plaintiffs' attorneys can convert a single employee to a plaintiff, they can file a new case and then try to expand the target class in the follow on case. But that will push them back a few weeks [emphasis asdded].

31. Kirt Gomes was the general manager of cabin service at the time Pedro Lantigua Gomez and Pedro Galindo Gutierez were fired by Defendants. Gomes Depo., p. 8, l. 14-16.

32. Livan Acosta was Kirt Gomes's superior when Pedro Lantigua Gomez and Pedro Galindo Gutierez were fired by Defendants. Gomes Depo., p. 8, l. 19 – p. 9, l. 2.

33. Kirt Gomes could not make the decision on his own to fire employees. Gomes Depo., p. 9, l. 18-25.

34. On June 11, 2014, Plaintiffs Pedro Galindo Gutierez and Pedro Lantigua Gomez were disciplined by Kirt Gomes for an alleged security breach when searching a plane, and were given a three-day suspension by Mr. Gomes at that time. See Disciplinary Action Forms, DE DE 85-11, p. 2; see also DE 85-9, p. 2.

35. On June 19, 2014, the Separation Reports of Plaintiffs Pedro Galindo Gutierez and Pedro Lantigua Gomez were signed by Livan Acosta. See Separation Reports, DE 85-4, p. 2; see also DE 85-7, p. 2.

36. Plaintiffs Ismael Rodriguez Diaz, Amaury Gonzalez, Osmar Rodriguez, and Jose Raudales were fired for refusing to sign the Arbitration Agreement on September 2, 2014. See DE 87-2, pp. 2, 3, 6, 10.

37. Plaintiffs Fernando Aguila and Jose Mora Yera were fired for refusing to sign the Arbitration Agreement on September 3, 2014. See DE 87-2, pp. 7, 9.

38. Plaintiffs Yanaris Pena, Lieng Un Rey, and Carlos Zelaya were fired by Defendants on for refusing to sign the Arbitration Agreement on September 4, 2014. See DE 76-2, pp. 4, 5, 8.

39. Thaimy Diaz did a lot of the "leg work". *See* E-mail correspondences between manager Livan Acosta, Thaimy Diaz, who was charged with dated March 5, 2014 until June 5, 2014.

40. On May 5, 2014, the Palmer v. American Sales and Management Organization, LLC, litigation was settled at mediation.

41. On May 23, 2014, Mark Beutler wrote an e-mail to a partner within his firm, Michael W. Casey, III, saying that "Livan says he is at 83 percent roll out now" of the arbitration agreements, "I told him to get to 100% asap.." Mr. Casey responded at 6:20 p.m. that "Agree that they should push the agreements out ASAP. Everywhere." This response was forwarded to Human Resources agent for Defendants, Cindy Tunon at 6:27 p.m.

42. On May 27, 2014 Mr. Beutler advised Ms. Tunon in an e-mail to get all current employees signing the arbitration agreement upon threat of termination.

43. All Plaintiffs were terminated after Defendants had knowledge of the Plaintiffs' wage and hour claims. *See* Tunon Deposition, p. 65, l.22-p.66.

44. Defendants admit that the "Nine" were fired for refusing to sign the company's mandatory arbitration agreement. Affidavit of Thaimy Diaz at § 4, p.2 [DE 85-13]; Affidavit of Marisela Rafuls, § 5, p. 3 [DE 85-14]; Affidavit of Thaimy Diaz § 4 [DE 87-14]; Affidavit of Marisela Rafuls §§ 4-7.

45. On September 3, 2014, all employee terminations for failing to execute an arbitration agreement were ordered stopped by Cindy Tunon. Tunon Deposition, p. 96-97. Current employees are no longer required to execute the arbitration agreement; only new employees are now required to execute the arbitration agreement. Tunon Deposition, p. 97, l. 8-10; p. 107, l. 2-3. Affidavit of Thaimy Diaz § 5 [DE 87-14].

   Respectfully submitted this first day of September, 2015.

                                    J.H. Zidell, P.A.
                                    Attorney for Plaintiffs
                                    300 71st Street, Suite 605
                                    Miami Beach, Florida 33141
                                    Tel: (305) 865-6766
                                    Fax: (305) 865-7167

                                    By: /s/ Julia M. Garrett
                                    Julia M. Garrett
                                    Florida Bar No.: 0105151

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 1st, 2015 on all counsel or parties of record on the Service List below.

                                    __/s/Julia M. Garrett__
                                    Julia M. Garrett, Esq.
                                    Fla. Bar No. 0105151
                                    J.H. Zidell, P.A.
                                    Attorney for Plaintiff
                                    300 71st Street #605
                                    Miami Beach, Florida 33141
                                    Tel: (305) 865-6766
                                    Fax: (305) 865 – 7167

**SERVICE LIST**

Nicole M. Wall
Cole, Scott, & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
561-383-9236
Fax: 561-683-8977
Email: Nicole.Wall@csklegal.com
*Attorney for Defendants:*
*American Sales and Management*
*Organization, LLC,*
*Eulen America, Inc.,*
*Livan Acosta*