UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24245-CV-SCOLA/OTAZO-REYES

ISMAEL RODRIGUEZ DIAZ, *et al.*,

      Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, *et al.,*

      Defendants.

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, EULEN AMERICA, INC., AND LIVAN ACOSTA'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW AS TO CLAIM ASSERTED BY PLAINTIFFS PEDRO LANTIGUA GOMEZ AND PEDRO GALINDO GUTIEREZ**

Plaintiffs by and through their undersigned attorney hereby oppose the Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law as to the Claim asserted by Plaintiffs Pedro Langitua Gomez and Pedro Galindo Gutierez and state as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Defendants' First Motion for Summary Judgment was filed August 28, 2015 [84] and included with it a Statement of Material Facts [85] (collectively, "the Motion"). The gist of the Motion is that the particular Plaintiffs Pedro Lantigua Gomez and Pedro Galindo Gutierez were fired for cause in relation to an incident regarding an alleged failure to find a camera, and not for retaliatory reasons.

Plaintiffs filed a competing Motion for Summary Judgment on the exact same issues presented by Defendants here, [DE 88-89], and thus for the purposes of efficiency, Plaintiffs

request that this Court consider the arguments and facts provided in Plaintiffs' Motion for Summary Judgment as incorporated in this Opposition.

## II. ARGUMENT

### a. Retaliation Prima Facie Case Standard

Plaintiffs and Defendants agree with the same legal standard to apply in this matter. Pursuant to Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000), a *prima facie* case of retaliation is shown when a plaintiff shows, (1) protected activity, (2) an adverse action, and (3) and a causal link between the two.

As described in Plaintiffs' Motion for Summary Judgment:

(1) Plaintiffs Lantigua and Galindo were part of a process of enforcing their overtime rights through the Shavitz Law Firm;

(2) they were terminated; and

(3) the arbitration agreement and collective action waiver links the termination with Plaintiffs Lantigua and Galindo seeking their overtime wages.

The facts supporting (1) and (2) are not contested by Defendants. The only question is whether Plaintiffs Lantigua and Galindo showed this link. This element is not as hard to meet as it may seem. Plaintiffs just have to show that Plaintiffs Lantigua and Galindo's termination is not completely unrelated to the enforcement of their overtime rights. Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277-78 (11th Cir. 2008), Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). This linkage can be found upon a mere showing of a close temporal proximity between the adverse action and the protected activity. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir.2004). In this case, however, there is additional documentary evidence which shows circumstantial evidence regarding the link between the termination and the protected activity.

b.  Facts Supporting a *Prima Facie* Retaliation Case for Plaintiffs Lantigua and Galindo

The timeline reveals necessary link which completes the elements of a *prima facie* case of retaliation.  Employees of Defendants sought enforcement of their overtime rights in a suit, Palmer v. American Sales and Management Organization, LLC on August 23, 2013.  *See* Statement of Material Facts "SoMF", at § C [DE 89].  Defendants determined that they needed to stop this litigation from spreading to other employees, and so began to implement a mandatory arbitration policy and collective action waiver.  SoMF § E [DE 89-12].  Defendants finished the agreement in January of 2014.  SoMF §§ D-E.  Defendants considered excluding past claims in January 2014, but decided against it SoMF § F [89].  They progressed with requiring employees to sign the arbitration agreement.  On May 5, 2014, Livan Acosta was getting impatient; he expressed to Thaimy Diaz in an e-mail that he was disappointed in her progress.  SoMF § K.

On May 21, 2014, Plaintiffs Lantigua and Galindo, through their counsel, formally notified Defendants that they would be joining the other employees and claiming overtime.  SoMF § I.  That same month Plaintiffs Lantigua and Galindo were told to sign the arbitration agreement; they refused.  SoMF § J.

On May 27, 2014 Livan Acosta would note that he "would like to know what will be the step for those employees that are refusing to sign the agreement."  SoMF § K.  Less than half an hour later, he would send another e-mail, stating "[y]es. The entire station will be completed by Friday May 30, but there will be several employees that refused to signed, mainly Cabin cleaning which is about 30 of them."  SoMF § K.

On June 11, 2014, a security incident allegedly occurred for the Cabin cleaning crew.  SoMF § M.  Kirt Gomes, Plaintiffs' Lantigua and Galindo's boss, determined that they should be suspended for three days.  SoMF § N.  This retroactively became a termination after Livan

Acosta's intervention on June 19, 2014 for no documented reason. SoMF §§ O; Q-R.  By Mid August, 2014, Defendants began to officially terminate employees for not agreeing with Defendants' arbitration plans.  *See* Defendants' Statement of Material Facts, § 17.

Plaintiffs Lantigua and Galindo's termination were close in time to their refusal to arbitrate the agreement.  This temporal proximity alone is sufficient enough to find the third element of "linkage" hurdled.  Higdon v. Jackson*,* 393 F.3d 1211, 1220 (11th Cir.2004).  Within only a month, Plaintiffs Lantigua and Galindo refused to sign an arbitration agreement and collective action waiver which would have put a severely handicapped their *preexisting* FLSA claims, they joined their fellow employees in an FLSA claim, and then they were fired.  Firing an employee after that employee refuses to arbitrate their preexisting claims is retaliation as a matter of law.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261 (11th Cir. 2008).

This linkage is further emphasized by the intervention of Livan Acosta.  Mr. Acosta was actively involved with pushing the arbitration agreements out, involved with pushing it to the cabin cleaning crew, and was involved with terminating those that did not agree to arbitrate their disputes.  As shown by his own e-mails, he changed the punishment of Plaintiffs Lantigua and Galindo *ex post facto*.

    c.   Prextual Firing of Plaintiffs Lantigua and Galindo.

These facts show that a *prima facie* case has been made.  The more difficult call is found in the "burden-shifting" aspect of this test.  When a Defendant does what Defendants did – assert a non-retaliatory reason for a termination – it is Plaintiffs' turn to rebut that. "After the plaintiff has established the elements of a claim, the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action as an affirmative defense to liability." Summers v. Winter, 303 F. App'x 716, 719-20 (11th Cir. 2008).  If the employer

offers legitimate reasons, "the presumption of retaliation disappears." Id. *citing* Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir.1999). "An employee may show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find [those reasons] unworthy of credence." Summers, 303 F. App'x at 720, *citing* Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1258 (11th Cir.2001).

Normally, it would be extremely hard to find a pretextual motive. An employer is surely never going to admit that they made up a legal reason for firing their employee. All of the information regarding the motive is usually going to be held exclusively by the employer. The Court certainly does not want to second guess a situation where an employee is legitimately fired. In this matter, however, there is actual documentary evidence showing that Defendants reasoning for terminating Plaintiffs Lantigua and Galindo is pretext.

Plaintiffs Lantigua and Galindo's alleged reason for being fired stinks of pretext and inconsistency. Defendants do not show any justification for why a Plaintiffs Lantigua and Galindo were suspended and retroactively fired after Livan Acosta was notified of the alleged incident. Defendants offer no explanation for why the discipline documents have a big hand written "X" over termination, whereas the original computer designed document shows a computer created "X" over suspension. There is nothing argued or presented why Livan Acosta was so inspired to change Lantigua and Galindo's punishment. Despite the fact that Livan Acosta and Kirt Gomes are employees of Defendants and were both deposed, they offered nothing by way of affidavit or testimony to support their reasoning.

This is the smoking gun. The fact that Defendants offer nothing to defeat this inconsistency should be enough for *Plaintiffs* to be successful on their own Summary Judgment

Motion. Plaintiffs have provided uncontested evidence showing the inconsistency sufficient to defeat Defendants argument of nonretaliatory motive. Thus, there is no genuine dispute of material fact that the security incident was a pretext to get rid of Lantigua and Galindo.

In the event that this Court cannot rule in favor of Plaintiffs Lantigua and Galindo with the evidence provided during these Summary Judgment proceedings, at the very least, a genuine issue of material fact is created as to whether the firing was pretextual. A jury could very easily weigh the inconsistencies and circumstantial evidence of the terminations, and find that Defendants' alleged reason was a pretext, and that the terminations of Plaintiffs Lantigua and Galindo were truly brought on by the fact that they refused to sign the arbitration agreement – an inherently retaliatory motive.

### III. CONCLUSION

Defendants' Motion for Summary Judgment suggests that they must merely recite an alleged legitimate reason for firing Plaintiffs Lantigua and Galindo, and as long as there is some sort of support for their allegations, then they have *carte blanche* to fire the employee. This cannot be so – otherwise there could never be a retaliation case unless an employer admitted that they were lying. As described in Summers v. Winters, showing consistencies and circumstantial evidence suggesting inconsistencies is sufficient to defeat an employers' assertion of a nonretaliatory motive. At the very least, these inconsistencies and circumstantial evidence create a genuine issue of material fact and so the question of pretextual motive must be brought before the jury.

*Wherefore Plaintiffs request that this Court deny Defendants' Motion for Summary Judgment.*

Respectfully submitted this Eleventh day of September, 2015.

>J.H. Zidell, P.A.
>Attorney for Plaintiffs
>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>
>By: /s/ Elizabeth O. Hueber
>Elizabeth O. Hueber
>Florida Bar No.: 0073061

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 11th, 2015 on all counsel or parties of record on the Service List below.

>  __/s/Elizabeth O. Hueber__
> Elizabeth O. Hueber, Esq.
> Fla. Bar No. 0073061
> J.H. Zidell, P.A.
> Attorney for Plaintiff
> 300 71st Street #605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865 – 7167

**SERVICE LIST**

Nicole M. Wall
Cole, Scott, & Kissane, P.A.
1645 Palm Beach Lakes Blvd.
2nd Floor
West Palm Beach, FL 33401
561-383-9236
Fax: 561-683-8977
Email: Nicole.Wall@csklegal.com
*Attorney for Defendants:*
*American Sales and Management*
*Organization, LLC,*
*Eulen America, Inc.,*
*Livan Acosta*