UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-24245-RNS

ISMAEL RODRIGUEZ DIAZ, et al.,

    Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited
liability company, EULEN AMERICA, INC.,
and LIVAN ACOSTA,

    Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AS TO CLAIM ASSERTED BY PLAINTIFFS
ISMAEL RODRIGUEZ DIAZ, YANARIS PENA, JOSE RAUDALES, LIENG UN REY,
JOSE MORA, AMAURY GONZALEZ, CARLOS ZELAYA, OSMAR RODRIGUEZ,
JOSE CABALLERO, AND FERNANDO AGUILA**

COME NOW Defendants American Sales and Management Organization, LLC, Eulen America, Inc., and Livan Acosta, by and through their undersigned counsel, and hereby file this Reply to Plaintiffs' Response (D.E. 102) ("Response") to Defendants' Motion for Summary Judgment as to the claim asserted by Plaintiffs Ismael Diaz, Yanaris Pena, Jose Raudales, Lieng Rey, Jose Mora, Amaury Gonzalez, Carlos Zelaya, Osmar Rodriguez, Jose Caballero, and Fernando Aguila (D.E. 86) (jointly "Plaintiffs") and in support thereof state as follows:

### I.    Introduction

This memorandum addresses the arguments raised in Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to show that the *McDonnell Douglass* analysis applies; Plaintiffs' alleged circumstantial evidence does not link the alleged protected activity and terminations; the lack of temporal proximity is relevant; and *Reheiser v. Terminix* controls.

Case No.: 1:14-cv-24245-RNS

For purposes of brevity, Defendants request that this Court consider the facts and arguments set forth in Defendants' Motion for Summary Judgment (D.E. 86).

## II.     Argument

### A.     The *McDonnell Douglas* Burden Shifting Test Applies

Plaintiffs' Response alleges that the *McDonnell Douglas* burden-shifting test for retaliation does not apply in this case because there is direct evidence of retaliation. *See* D.E. 102, pages 2 and 6. Plaintiffs' purported "smoking gun of direct evidence" is that Defendants terminated Plaintiffs for refusing to sign an arbitration agreement that would have applied to their "pending" claim for overtime wages. *Id*. However, the record is bereft of any direct evidence of retaliation. Direct evidence is evidence, which if believed, proves the existence of fact in issue without inference or presumption. *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir.1997). Evidence that only suggests discrimination, or that is subject to more than one interpretation, does not constitute direct evidence." *Id*.

Plaintiffs' Response argues that "Defendants purposefully drafted the Arbitration Agreement and collective action waiver for the express purpose of stopping Plaintiffs and other employees with similar claims from exercising their right to overtime." *Id.* at page 5. Plaintiffs' contention in this regard fails because the arbitration agreement was drafted in January of 2014 and was presented to the employees in the cabin service department, including Plaintiffs, in early May of 2014. *See* D.E. 85, ¶6. Plaintiffs were initially asked to sign the arbitration agreement before Defendants received the May 21, 2014 correspondence from Plaintiffs' attorney regarding wage and hour issues (i.e., Plaintiffs' alleged protected activity). *See id*. ¶ 4. Thus, there is no link between Defendants' drafting of the arbitration agreement and Plaintiffs' allegedly

Case No.: 1:14-cv-24245-RNS

threatened wage and hour claim.[1] As such, there is no direct evidence of a retaliatory motive in this case. Accordingly, contrary to Plaintiffs' contention, the McDonnell Douglass burden-shifting test for retaliation applies in this case.

### B. There is No Circumstantial Evidence Of Retaliation

Plaintiffs' response alleges that:

"A jury could find that retaliation occurred based on the circumstantial evidence of how Defendants implemented this process. Defendants were being sued by many of their employees through the Shavitz Law Group, who were trying to create a massive class action. SSoF § A, see e-mail [DE 89-3]. After Shavitz Law Group revealed that more plaintiffs are seeking overtime, Defendants leapt into action and began to have the nonmanagerial staff sign the agreement. Once the holdouts were identified, they were eliminated within a month."

*See* D.E. 102 page 6 (emphasis added). The email referenced above (D.E. 89-3) was regarding litigation in another matter that did not involve the Plaintiffs in this case, as set forth in the subject line of the email, and is irrelevant.[2] In any event, this email was sent in April of 2014, before Defendants received the May 21, 2014 correspondence that was about the Plaintiffs in this case. *See* D.E. 89-3; *see also* D.E. 85 ¶5. Contrary to Plaintiffs allegations cited above, Defendants did not suddenly "leap into action." Rather, Defendants had already begun the process of implementing the arbitration agreement to its approximately 2,000 employees at Miami International Airport, where Plaintiffs worked, in March of 2014, well before they received the May 21, 2014 correspondence. *See* D.E. 85 ¶ 3. Thus, there is nothing about "how Defendants implemented this process" that is circumstantial evidence of retaliation.

---

[1] In any event, an arbitration agreement does not stop an employee from "exercising their rights" as alleged by Plaintiff. It is not an unlawful employment practice under federal employment discrimination laws for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment discrimination statutes. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002).

[2] The case referenced in the email was Palmer v. American Sales and Management Organization, LLC, case no. 1:13-cv-23053-JEM.

Case No.: 1:14-cv-24245-RNS

### C. The Lack of Temporal Proximity Is Relevant

Plaintiffs' Response alleges that the over three-month delay between the alleged protected activity and Plaintiffs' terminations is irrelevant because other facts support a causal connection. *See* D.E. 102 page 7. However, as discussed above, the other facts do not support a causal connection in this case. In the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law. *See Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir. 2004) (citing *Wascura v. City of South Miami,* 257 F.3d 1238, 1248 (11th Cir. 2001)). Thus, the substantial delay between the May 21, 2014 correspondence and Plaintiffs' terminations indicates a lack of causation and results in the failure of the retaliation claim as a matter of law.

### D. *Reheiser v. Terminix* Controls

Plaintiffs' Response argues that *Reheiser v. Terminix Int'l Co., L.P.*, 509 F. Supp. 2d 1147, (N.D. Fla. 2007) should not apply in this case and only produces a different result from *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261 (11th Cir. 2008) because the employee in *Goldsmith* in had preexisting protected activity, while the employee in *Terminix* did not.[3] *See D.E.* 102 page 7. However, the employee in *Terminix* did allege protected activity, namely, complaints about harassment and discrimination. *See Reheiser* at 1156 ("Reheiser also contends that the arbitration requirement was applied to him as retaliation because of his complaints about the harassment and discrimination, ultimately resulting in his termination"). Thus, contrary to

---

[3] In *Goldsmith*, the Eleventh Circuit Court of Appeals held that the employee's termination for his refusal to sign the agreement was retaliatory because it established a causal relation between the filing of his charge of discrimination and his termination. *Goldsmith* at 1279. By contrast, in *Terminix*, the District Court for the Northern District of Florida held that the employee's refusal to sign an arbitration agreement (after the employee complained to the employer about discrimination and harassment) was not retaliatory, and granted summary judgment for the defendant employer. *Terminix* at 1157-58.

Case No.: 1:14-cv-24245-RNS

Plaintiffs' allegation, the employee in *Terminix* was not just "any employee who was fired for not signing the arbitration agreement." As such, *Terminix* is applicable to Plaintiffs' allegations of preexisting protected activity in this case. Accordingly, like the court in *Terminix*, this Court should conclude that Plaintiffs' terminations were not retaliatory. *Id.* at 1157.[4]

### III.  Conclusion

The law and undisputed facts conclusively demonstrate that Defendants complied with the FLSA and did not retaliate against Plaintiffs in violation of same.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order granting their Motion for Summary Judgment.

    Respectfully submitted,

    COLE, SCOTT & KISSANE, P.A.
    Attorneys for Defendants
    Esperante Building
    222 Lakeview Avenue, Suite 120
    Telephone: 561-383-9236
    Facsimile:  561-683-8988

    By: /s/ Alison Thomas_____
        NICOLE WALL
        FBN: 17430
        E-Mail: nicole.wall@csklegal.com
        ALISON THOMAS
        FBN: 102879
        E-Mail: alison.thomas@csklegal.com

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 28th day of September, 2015, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

---

[4] *Goldsmith* should be distinguished for the reasons described in detail on pages 13-14 of Defendants' Motion for Summary Judgment (D.E. 86), contrary to the allegations in Plaintiffs' Response that such reasons were not provided.

Case No.: 1:14-cv-24245-RNS

                By: /s/ Alison Thomas_____
                    ALISON THOMAS
                    FBN: 102879
**SERVICE LIST**             E-Mail: alison.thomas@csklegal.com

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorneys for Plaintiffs
300 71st Street
Suite 605
Miami Beach, FL  33141
Zabogado@aol.com
*VIA CM/ECF*