UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-24245-RNS

ISMAEL RODRIGUEZ DIAZ, et al.,

    Plaintiffs,

v.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, a Florida limited
liability company, EULEN AMERICA, INC.,
and LIVAN ACOSTA,

    Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE

COME NOW Defendants American Sales and Management Organization, LLC, Eulen America, Inc., and Livan Acosta, by and through the undersigned counsel, and hereby submit to the Court Defendants' Reply to Plaintiffs' Response [D.E. 107] to Defendants' Motion in Limine and state as follows:

**I.   Subsequent Remedial Measures.**

Plaintiffs' Response to Defendants' Motion in Limine argues that Defendants' stopping of terminating employees who refused to sign the company's arbitration agreement was not a subsequent remedial measure, arguing that same is "not like a car manufacturer who makes their car safer after a products liability suit is filed." *See* D.E. 107 page 4. Although subsequent remedial measures is more commonly thought of as an issue in tort cases, courts have applied Rule 407 in employment cases. *See* D.E. 93, pages 4-5; *see also Abel v. Dep't. of Carr.*, 1995 WL 106535 at 1 (D. Kan. Jan. 12, 1995) (FLSA case where court noted that evidence of changes the defendant employer made to its workplace rules with respect to roll calls and meal breaks were likely to be subsequent remedial measures under Rule 407, and their admissibility would

depend upon it being offered for some purpose other than showing the defendant's culpability). Applying Rule 407, courts have excluded "changes in rules and regulations, [and] changes in the practice of the business." *Stahl v. Bd. of County Com'rs of the Unified Gov't of Wynandotte County/Kansas City, Kan.*, 101 Fed. Appx. 316, 321 (10th Cir. 2004) (internal citations omitted). In this case, Defendants' stopping of terminating employees who refused to sign the company's arbitration agreement was a change in the company's business practice and a subsequent remedial measure. Accordingly, Rule 407 is applicable in this case.

Applying Rule 407, evidence of subsequent remedial measures is not admissible to prove culpable conduct. *See* Fed. R. Evid. 407. However, Plaintiffs' Response acknowledges that they wish to offer evidence that Defendants stopped terminating employees who refused to sign the arbitration agreement for the purpose of attempting to show Defendants' culpability in this case. *See* D.E. 107, page 4. Specifically, Plaintiffs wish to use such evidence "to show that only a small group of employees was targeted." *Id*. However, under Rule 407, using such evidence for said purpose is impermissible. *See* Fed. R. Evid. 407. Therefore, such evidence should be excluded.

## II. Defendants' Actions With Other Employees After Plaintiffs' Terminations Is Irrelevant.

Plaintiffs' Response further argues that evidence that Defendants stopped terminating employees who refused to sign the arbitration agreement should not be excluded because Defendants have made the argument that all employees were subject to the arbitration agreement, which puts Defendants' actions with other employees at issue. *See* D.E. 107, page 3. Plaintiffs' argument in this regard fails because Defendants' company-wide roll out of the arbitration agreement took place before Plaintiffs' terminations, while Defendants' stopping of terminating employees who refused to sign the company's arbitration agreement took place after Plaintiffs'

- 2 -

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No.: 1:14-cv-24245-RNS

terminations. Any matters after Plaintiffs' terminations such as any corporate decisions made by Defendants regarding actions to take or not to take in connection with other employees are wholly irrelevant to Plaintiffs' retaliation claim. *See generally Ostrow v. GlobeCast Am. Inc.*, 2011 WL 4971974, at 3 (S.D. Fla. 2011).

**III.     Evidence Regarding The Palmer Case Is Inadmissible "Me Too" Evidence.**

Plaintiffs' seek to address in trial the Palmer v. American Sales and Management et al., case, 1:13-cv-23053, a wage and hour matter involving two Defendants in this case and individuals other than the Plaintiffs in the above-captioned case. *See* D.E. 107, pages 5-6. Evidence regarding the Palmer case is not relevant to any of the issues before the Court in this matter and should be excluded. *See Jackson v. United Parcel Serv., Inc*., 593 Fed. Appx. 871, 877 (11th Cir. 2014) (holding that "me too" evidence that the defendant was aware of EEOC complaints filed by a different employee was not relevant to the plaintiff's claims of discrimination).

Even when "me too" evidence is relevant under Rule 401, the district court retains the discretion to exclude that evidence, under Rule 403, if it is unduly prejudicial, confusing, misleading, or cumulative. *Adams v. Austal, U.S.A., L.L.C*., 754 F.3d 1240, 1258 (11th Cir. 2014). The admission of me too evidence in this case would only serve to confuse the issues and mislead the jury, and should therefore be excluded.

                                             Respectfully submitted,

                                             COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
Esperante Building
222 Lakeview Avenue, Suite 120
Telephone: 561-383-9236
Facsimile:  561-683-8988

By: /s/ Alison Thomas_____
       NICOLE WALL

Case No.: 1:14-cv-24245-RNS

        FBN: 17430
E-Mail: nicole.wall@csklegal.com
ALISON THOMAS
FBN: 102879
E-Mail: alison.thomas@csklegal.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 12th day of October, 2015, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By: /s/ Alison Thomas_____
           ALISON THOMAS
           FBN: 102879
           E-Mail: alison.thomas@csklegal.com

**SERVICE LIST**
J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorneys for Plaintiffs
300 71st Street
Suite 605
Miami Beach, FL  33141
Zabogado@aol.com
*VIA CM/ECF*

l:\0342-0026-00\retaliation matter\trial\defendants' reply to plaintiff's response to defendant's motion in limine.docx